403 P.2d 807

**O. J. BLENDE, Petitioner,**

**v.**

**The Honorable R. C. STANFORD, Jr., Judge of the Superior Court, Maricopa County, Arizona, the Maricopa County Medical Society, John A. Eisenbeiss, Jr., Paul L. Singer, Clyde J. Barker, Jr., as former members of the Board of Censors of Maricopa County Medical Society, Respondents.**

**No. 8645.**

Supreme Court of Arizona.

En Banc.

July 14, 1965.

Lewis, Roca, Scoville, Beauchamp & Linton and Roger W. Kaufman, Phoenix, for petitioner.

Snell & Wilmer and Roger W. Perry, Phoenix, for respondents.

STRUCKMEYER, Vice Chief Justice.

On February 4, 1965, petitioner filed with this Court his petition for alternative writ of mandamus, alleging in effect the failure of the court below to comply with the mandate of this Court. Blende v. Maricopa County Medical Society, 96 Ariz. 240, 393 P.2d 926. We ordered that the alternative writ issue, directing the trial court to im-mediately proceed to trial upon the issues as stated in this Court's opinion or, in the alternative, show cause why the writ should not be made permanent.

Originally O. E. Blende filed a petition for a writ of mandamus in the superior court against the County Medical Society and its Board of Censors to review denial of his application for permanent membership in the Society. Respondent's motion for judgment on the pleadings was granted for the reason that the petition failed to state a claim upon which relief could be granted. Upon appeal of that judgment to this Court we found that the complaint did " * * * set forth a cause of action for which relief could be granted—if denial of membership in the Society will deprive [petitioner] of hospital staff privileges, then the Society may not arbitrarily deny him membership." 96 Ariz. at 244, 393 P.2d at 929. In reversing and remanding the case for further action, we stated the issues upon which the trial should proceed:

"But there still may exist the question of a definite, though informal relation between membership in the Society and maintenance of staff privileges in local hospitals. If [petitioner] can show the existence of such a relation, then his membership application may not be denied arbitrarily, but only on a showing of just cause established by the Society under proceedings embody-

ing the elements of due process." Ibid. 244–245, 393 P.2d 930.

There are two principal issues for determination in the litigation. First, whether membership in the Society was a prerequisite for maintenance of staff privileges in local hospitals and, if so, second, whether petitioner's application for membership was denied without just cause established in proceedings embodying the elements of due process. Instead of proceeding with the matter on the issues as we directed, the trial court granted respondents' motion for a separate hearing on this issue:

" * * * whether the Petitioner, O. J. Blende, has been deprived of staff membership in the hospitals of Maricopa County, Arizona, by reason of a definite relationship between membership in the Society and maintenance of staff privileges in the hospitals, * * *."

This changed the issues by requiring petitioner to prove not only the existence of an informal relationship but also that such relationship was the cause of his being deprived of staff membership in local hospitals. This is contrary to our positive pronouncement of the law of the case.

■ Respondents urge that petitioner is attempting to compel the superior court to exercise its jurisdiction in a particular manner or to reach a particular result. They also maintain that this, in effect, is an appeal of an interlocutory and preliminary ruling. These arguments would be valid as to matters which were not disposed of by us in our former decision but, having become the law of the case, mandamus is the proper remedy to compel an inferior tribunal's compliance therewith.

■ It is a function of mandamus to prevent a lower tribunal from interposing unauthorized obstructions to enforcement of a judgment of a higher court.·

"The general rules which govern cases of this kind are stated, and the decisions by which those rules have been established are collected, in the recent case of In re Sanford Fork & Tool Co., 160 U.S. 247, 16 Sup.Ct. 291 [40 L.Ed. 414], in which this court said: 'When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution, or give any other or further relief, or review it, even for apparent error, upon any matter decided on appeal, or intermeddle with it further than to settle so much as has been remanded. If the circuit court mistakes

or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, * * * by a writ of mandamus to execute the mandate of this court. But the circuit court may consider and decide any matters left open by the mandate of this court, and its decision of such matters can be reviewed by a new appeal only.'" In re Potts, 166 U.S. 263, 265–266, 17 S.Ct. 520, 521, 41 L.Ed. 994.

And see United States v. U. S. District Court, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351; Delaware, L. & W. R. Co. v. Rellstab, 276 U.S. 1, 48 S.Ct. 203, 72 L.Ed. 439. The decision in this cause must be complied with by the lower court.

 Respondents assert that it was necessary for the trial court to frame the issues as it did, otherwise there could be no showing of an injury to petitioner. We do not agree. Our former opinion settled the law. If membership in the Society is a condition to staff privileges in a hospital, petitioner may not be arbitrarily denied membership even though there may be other reasons he is unable to qualify for staff privileges in hospitals. The action of the trial court in ordering separate hearings on the issues is consistent with our former decree; but, as pointed out, the issues were incorrectly framed.

The lower court's rulings on questions asked of petitioner on his deposition are not properly reviewable on mandamus. State v. Phelps, 67 Ariz. 215, 193 P.2d 921. However, in view of our holding here, the trial court should re-examine its rulings, particularly in respect to the relevancy of the questions asked.

The alternative writ hereinbefore issued is made permanent.

LOCKWOOD, C. J., and BERNSTEIN, UDALL and McFARLAND, JJ., concur.