424 P.2d 853

Charlie COLLINS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondents,

L. M. White Contracting Company, Defendant Employer.

No. 1 CA–IC 109.

Court of Appeals of Arizona.

March 13, 1967.

Rehearing Denied April 6, 1967.

Review Granted May 9, 1967.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Chief Counsel by Dee-Dee. Samet, Phoenix, for respondent Industrial Commission.

DONOFRIO, Judge.

This case is before the Court on a writ of certiorari to review the lawfulness of an award and findings of the Commission denying reopening of petitioner's claim. The Industrial Commission filed a motion to dismiss for lack of jurisdiction in the Commission, which alleges that petitioner failed to file an application for compensation within one year as required by A.R.S. § 23-1061, Subsections A and D. We denied the motion to dismiss with leave in counsel to present the matter in their briefs at the same time that they presented the issues raised by the writ of certiorari.

Petitioner suffered a whiplash back injury when the water truck he was driving at approximately 15 miles per hour was struck from the back by a loaded gravel truck driven by a fellow employee, who was proceeding at approximately 60 to 70 miles per hour. The accident occurred in the course and scope of petitioner's employment with L. M. White Contracting Company, on May 7, 1963. Two reports were filed, entitled "Initial Report of Attending Physician", together with an "Employer's First Report of Injury to Employee". The attending physician, Dr. Kartchner, filed a "Supplemental Report" dated May 29, 1963, stating, "Claimant has not been seen since initial visit of May 7, 1963".

The Commission entered a "Final Findings and Award" on July 2, 1963 which reads in part, "Report having been received and considered, this Commission makes award as follows: 1. Accident benefits (medical payments) from the Accident Benefit Fund, causally connected, as reported to and accepted by this Commission to date." The Commission further found that claimant had not been disabled in excess of seven days and was therefore not entitled to compensation. This award contained a "twenty-day clause" advising petitioner that he had a right to apply for a rehearing within twenty days. Within the twenty days the Commission received a supplemental report from Dr. Kartchner stating that he had seen and treated claimant on June 4 and 10 for recurrence of symptoms of his whiplash injury

The Commission then issued an "Order Rescinding Findings and Award", stating that the award previously issued was rescinded on the basis of evidence submitted to the Commission prior to the issuance of that award, which indicated that the applicant was in need of further medical treatment due to his injury of May 7, 1963. Dr. Kartchner filed another report dated July 24, 1963, indicating that the petitioner had not returned for follow-up care since June 11, and that he should be considered discharged as of the date of the report. The Commission then issued a second award for accident benefit only, on August 9, 1963. The file does not contain an affidavit stating that this award was served by mail on the petitioner, nor was oral testimony of the person making such service offered in evidence in accordance with the Commission's Rule 45.

August 28, 1963, Dr. Kartchner submitted another supplemental report stating that he had seen petitioner again, and that in his opinion more follow-up care was necessary. The Commission's claims assistant advised the doctor that petitioner must file a petition to reopen, since his case had been closed. This petition was filed in May of 1965 and was denied without a hearing, in

June 1965. Petitioner protested the denial of reopening and petitioned for a hearing. The Commission ordered a medical consultation which was held on July 19, 1965. The Medical Board reached the conclusion that petitioner's then present symptoms were not related to the accident, and that there was insufficient basis to warrant reopening the case. The attending physician, a Dr. Smelker, signed the consultation board report. Petitioner was given a hearing which was held on September 27, 1965. Neither of the parties, nor the Commission, was represented by counsel. All questioning of the only witness, Dr. Smelker, was conducted by the referee.

Dr. Smelker stated he did not prepare a separate statement to attach to the conclusion of the Board. He stated that he agreed with the findings of the Board in everything except the subjective symptoms. It was his opinion, he said, and had been all of the time, that the terrific whiplash effect of the collision was sufficent to start and continue to develop severe arthritis in many of petitioner's cervical vertebrae. It was his opinion "that the subjective symptoms were exclusively due to the congenital types of malformation of the cervical spine". Dr. Smelker further stated that he examined the claimant several times prior to the injury but had never discovered anything that pertained to either discomfort, pain or malfunction of the cervical spine. He then stated he was never able to prove objectively anything different physically than that which was observed by the board of doctors who were requested to examine the petitioner, of which board he was a member. Dr. Smelker stated, "but what I wish to convey in my opinion is that the trauma (of the accidental injury) produced an arthritis of several of the intraarticular joints of the cervical spine and upper dorsal area".

A second hearing was held on February 9, 1966. Another member of the Medical Board, Dr. Weber, testified at this hearing. He described the accident petitioner suffered, this way: "As I recall, two trucks bumped into each other". He described the result as "minimal trauma". The consultation report does not contain a statement of the circumstances surrounding the accident, but the evidence indicates that it was the severe rear end collision at high speed which we have previously described.

Dr. Smelker also testified that the Medical Board based their conclusion that symptoms triggered by the accident had completely subsided, upon petitioner's not being consistent with his medical care, the fact that he returned to work with promptness, and the fact that the Commission had closed his case "with his knowledge". As we have previously stated, there is no affidavit in the record attesting that the Commission served a copy of this award upon the petitioner. The petitioner testified that his symptoms had been constant since the accident, that they had never subsided, and had, in fact, become worse.

The Commission issued an award which reaffirmed the award of June 3, 1965, which was issued prior to the Medical Board consultation, and which was a printed form finding no new additional or previously undiscovered disability.

 The Commission has moved to dismiss this claim for lack of jurisdiction in the Commission, based on the allegation that petitioner failed to file an application for compensation within one year, as required by A.R.S. § 23–1061, Subsections A and D. The motion to dismiss is denied. Both the Commission and the employer were notified immediately of the accident and injury. The necessary report of the attending physician was filed, as was the Employer's First Report of Injury. There was no prejudice by reason of the failure of petitioner to file his application forthwith. The Commission issued a valid award accepting the claim for accident benefits. The Court has previously held in cases presenting similar circumstances, that the Commission can properly relieve the applicant of his failure to forthwith report his injury, under the discretionary au-

**208**

thority granted to it by A.R.S. § 23-908, Subsection E.

 It is the function of the Court of Appeals, when petitioned to review Industrial Commission awards, to determine whether the evidence before the Commission is sufficient to reasonably support their decision, and not to try the case anew. Everett v. Industrial Commission, 3 Ariz. App. 145, 412 P.2d 487 (1966). It is the opinion of this Court, after a review of the entire record in this case, that the award of the Commission is not reasonably supported by the evidence.

Award set aside.

CAMERON, C. J., and STEVENS, J., concur.