448 P.2d 68

**MARICOPA COUNTY MEDICAL SOCIETY, an Arizona corporation, Appellant,**

v.

**O. J. BLENDE, Appellee.**

**No. 9042–PR.**

Supreme Court of Arizona.

In Banc.

Dec. 11, 1968.

**13**

Snell & Wilmer, by Roger W. Perry and Arthur P. Greenfield, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by John J. Flynn and Roger W. Kaufman, Phoenix, for appellee.

STRUCKMEYER, Justice.

This matter is before us on petition to review the decision of the Court of Appeals,

Division One, 5 Ariz.App. 454, 427 P.2d 946. Opinion vacated. Judgment of the trial court is affirmed.

This is the third time this case has been before us and the facts and the law of the case have been set out in detail in our previous opinions. Blende v. Maricopa County Medical Society, 96 Ariz. 240, 393 P.2d 926; Blende v. Stanford, 98 Ariz. 251, 403 P.2d 807. It is sufficient to say that some twelve years ago Dr. O. J. Blende, a licensed physician, filed a petition for a writ of mandamus in the superior court against the county medical society to compel the granting of his application for permanent membership in the Society. The trial court granted the Society's motion for judgment on the pleadings on the premise that the petition failed to state a claim upon which relief could be granted. Upon appeal we found that the petition did state a claim stating " * * * if denial of membership in the Society will deprive appellant [Dr. Blende] of hospital staff privileges, then the Society may not arbitrarily deny him membership," " * * * when a medical society controls a doctor's access to hospital facilities, then the society's exercise of a quasi-governmental power is the legitimate object of judicial concern." 96 Ariz. at 244, 393 P.2d at 929. In remanding the case for trial we held that if Dr. Blende could show the existence of a relationship between membership in the Society and the maintenance of staff privileges in hospitals, even though informal, then he was entitled to a due process hearing as to his qualifications to join the Society on the same terms as other doctors.

Following the remand Dr. Blende next brought this case to this court by an original petition for a writ of mandamus which we issued. Blende v. Stanford, supra. In deciding that case we stated:

"There are two principal issues for determination in the litigation. *First, whether membership in the Society was a prerequisite for maintenance of staff privileges in local hospitals and, if so, second, whether petitioner's application*

*for membership was denied without just cause established in proceedings embodying the elements of due process. * *"* 98 Ariz. at 253, 403 P.2d at 808 (Emphasis supplied)

 We also stated in clear and explicit language that the first decision had established the law of the case. That decision was binding on the litigants and all courts of this state. Even this court is bound by its former decisions in the same case except where we are convinced that we were palpably in error and the former decision results in manifest injustice. Graham County Electric Coop. Inc. v. Town of Safford, 95 Ariz. 174, 388 P.2d 169; Sibley v. Jeffreys, 81 Ariz. 272, 305 P.2d 427.

Thereafter, the trial court entered upon an inquiry framed on the issues as they had been stated and restated. It found as a fact from ample evidence that "there is a requirement to have membership of [sic] the Society in order to have staff privileges * * *." The Maricopa County Medical Society admitted that petitioner, Dr. Blende, had not been afforded a due process hearing on his application for membership. This resolved every issue of the litigation and accordingly judgment was entered in favor of Dr. Blende.

 The record is plainly adequate to sustain the finding of the trial court that certain hospitals serving the community of Phoenix, Arizona, did require membership in defendant Society to qualify for staff privileges. We do not pause to labor this question further.

Nonetheless, on appeal to the Court of Appeals, Division One, that court, while conceding a relationship existed between membership in the Society and staff privileges, stated:

" * * * we find no evidence to indicate that the Maricopa County Medical Society brought this about or exercised influence upon the said hospitals to make membership in the Society a basis for admission to staff privileges or mem-

bership." 5 Ariz.App. at p. 458, 427 P.2d at p. 950.

 Thus, after eleven years of litigation the Court of Appeals, Division One, reversed the judgment of the superior court contrary to our repeated statements establishing the law of the case, and changed the issues in complete disregard of our permanent writ of mandamus issued to the superior court in Blende v. Stanford, 98 Ariz. 251, 403 P.2d 807, supra.

Opinion of the Court of Appeals, Division One, ordered vacated and judgment of the superior court is affirmed.

McFARLAND, C. J., UDALL, V. C. J., and BERNSTEIN and LOCKWOOD, JJ., concur.