449 P.2d 54

**Charlie COLLINS, Petitioner,**

v.

**L. M. WHITE CONTRACTING COMPANY, Incorporated, Defendant Employer,**

**The Industrial Commission of Arizona, Respondents.**

**No. I CA–IC 196.**

Court of Appeals of Arizona.
Jan. 8, 1969.

Rehearing Denied Feb. 26, 1969.
Review Granted April 22, 1969.

1. This portion of the 1939 Code is probably better designated as § 61–301a(a), see 1962 Cum. Supp.A.C.A.1939, at 720.

Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert D. Steckner, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondents.

STEVENS, Judge.

This opinion relates to a difficult procedural problem, that is, the authority of the Court of Appeals to take action in the face of an opinion of the Arizona Supreme Court arising out of the identical claim when, at first blush, it may appear that the prior Supreme Court opinion has put the matter at rest. A brief recitation of the background appears to be appropriate.

Collins sustained an industrial injury on 7 May, 1963. The matter was processed by The Industrial Commission of Arizona to the point of an adverse award denying compensation. This award was entered on 3 June, 1965. After certain administrative procedures the award was reaffirmed by the Commission by its action of 15 June, 1966. Collins then sought the statutory review by certiorari and the matter was docketed in this Court as Cause No. 1 CA–IC 109. The matter was resolved by this Court's opinion which was filed on 13 March, 1967 and is reported in 5 Ariz. App. 205, 424 P.2d 853. We quote from our opinion:

"The Industrial Commission filed a motion to dismiss for lack of jurisdiction in the Commission, which alleges that petitioner failed to file an application for compensation within one year as required by A.R.S. § 23–1061, Subsections A and D. We denied the motion to dismiss with leave in counsel to present the matter in their briefs at the same time that they presented the issues raised by the writ of certiorari."

The issue as to jurisdiction was not raised before The Industrial Commission but was raised for the first time in the Court of Appeals.

The matter of jurisdiction was again presented in the briefs filed in this Court. The file which was certified to this Court did not contain a form C–407, this being the claim form to be used by an injured workman. This Court reviewed the file when considering the merits of the appeal and held that under the circumstances disclosed in the file and recited in our opinion the absence of form C–407 was not jurisdictional. It is interesting to note that the contents of the record which was transmitted to the Court of Appeals was certified in the following manner:

"I, LOUISE SUTER, Secretary of The Industrial Commission of Arizona, do hereby certify that the attached file is the full, true and complete record before The Industrial Commission of Arizona in case numbered AY 17448–B, *material to the issues presented.*" (Emphasis Supplied)

It has been the experience of this Court in reviewing files similarly certified to this Court by the Commission that the Commission personnel are subject to the same human errors that other persons are subject to. We have found it necessary to request additional documents which were omitted from the file and which the file disclosed must have been presented to the Commission. We have found documents in files which were apparently misfiled as they related to claims other than the one under consideration by this Court. This experience is of significance to us in connection with the consideration of the issues now before us.

Following the filing of our opinion, the Commission requested that the matter be reviewed by the Arizona Supreme Court and on 9 May, 1967, review was granted. On 15 November, 1967, the Supreme Court entered its opinion vacating our opinion and holding that the Commission was without jurisdiction by reason of the absence of the required claim form. The Supreme Court's opinion reaffirmed the Commission holding of 3 June, 1965, denying Collins the right to compensation, this reaffirmance being based upon an absence of jurisdiction. The Supreme Court's opinion is reported in 102 Ariz. at page 509, 433 P.2d at page 801. The published opinion recites that a request for a rehearing was denied by the Arizona Supreme Court on 12 December, 1967. A brief portion of that opinion will be hereinafter referred to.

The mandate of the Supreme Court was issued on 13 December, 1967, the original thereof being contained in the file now before this Court. The mandate concludes as follows:

"You therefore are hereby commanded that such proceedings be had in said cause, as according to the decision and order of this Court, and as according to right and justice, and to law, ought to be had."

In the same claim file after the issuance of the Supreme Court's mandate and on 20 December, 1967, Collins filed a petition wherein he petitioned:

" * * * for a hearing on the issue as to whether or not a Claim Form C-407 was ever filed in the above entitled case."

On 25 January, 1968, the Commission entered its order denying the petition. The order referred to the Supreme Court's opinion and mandate. We quote from the order as follows:

*"FINDINGS*

"1. This Commission finds that it lacks jurisdiction in that the Supreme Court of Arizona has fuled (sic) that the Commission has no jurisdiction in this case, and for the reasons cited in said case.

"2. This Commission is without jurisdiction in the premises and no useful purpose would be served by further consideration of the case.

*ORDER*

"NOW, THEREFORE, IT IS ORDERED that the case be closed, and said Petition for Hearing be, and the same is hereby denied for lack of jurisdiction."

This action of the Commission was brought before the Court of Appeals in a timely manner and the original file, as well as the subsequent filings, was again certified to the Court of Appeals. This cause was assigned this Court's No. 1 CA–IC 196. We quote from the new certification:

"I, TERESA J. FLORES, Acting Secretary of The Industrial Commission of Arizona, do hereby certify that the attached claims file is the full, true and complete record before The Industrial Commission of Arizona in case numbered AY 17448–B (2 parts) *material to the issues presented."* (Emphasis Supplied)

The Commission promptly filed a motion in the Court of Appeals to dismiss this new cause being the cause now under consideration. Being confronted with a serious procedural problem and this Court believing that it was without jurisdiction, this Court entered an order on 25 March, 1968, which we quote in its entirety.

"ORDER OF TRANSFER TO THE ARIZONA SUPREME COURT

"The petitioner was before the Court of Appeals in Cause No. 1 CA–IC 109. In relation to that cause, the Court of Appeals rendered its opinion which is reported in 5 Ariz.App. 205, 424 Pac.2d 853 (1967).

"In cause number 8985 PR the opinion of the Arizona Supreme Court in connection with the review of the above reported decision of the Court of Appeals was entered on 15 November 1967 and is found in 102 Ariz. 509, 433 Pac.2d 801.

The question of the jurisdiction of The Industrial Commission of Arizona by reason of the claimed failure of the petitioner to file a claim with The Industrial Commission of Arizona within one year next following the industrial incident was not presented in the course of the proceedings before The Industrial Commission, but was raised for the first time after the Court of Appeals had issued its Writ of Certiorari in Cause No. 1 CA–IC 109.

"It is the opinion of the Court of Appeals that the petitioner has never been afforded the opportunity of having a factual determination in relation to his alleged failure to file his claim that is, a factual determination by the only fact finding agency, The Industrial Commission of Arizona. The record which was certified to the Court of Appeals merely disclosed that the claim was not among the papers which The Industrial Commission forwarded to the Court of Appeals. When the issue of lack of jurisdiction was presented to the Court of Appeals, the Court had two alternatives, the first being to vacate the award and return the file to The Industrial Commission of Arizona so as to enable the petitioner to litigate this issue and the second was to rule as the Court of Appeals did rule, it being the opinion of the Court of Appeals that under all of the circumstances it was immaterial whether the petitioner had filed his claim within the one year period.

"In the opinion rendered by the Supreme Court on review, we find the following statements on page 802 of the Pacific Reporter:

'* * * Collins did not file a claim

* * *

'Finally, on May 21, 1965, more than two years after the date of the accident Collins filed his first document with the Commission in the form of a petition and application for readjustment and reopening of the claim, which

was denied by the Commission on June 3, 1965. * * *'

"There is now pending in the Court of Appeals a motion to quash. The motion is attached to and made a part of that certain pleading entitled "RESPONSE TO PETITION FOR WRIT OF CERTIORARI, ORDER FOR WRIT OF CERTIORARI AND WRIT OF CERTIORARI AND MOTION TO QUASH" bearing the Court of Appeals file stamp date of 6 March 1968. In support of the motion to quash, there is a recitation that the petitioner in his motion for rehearing in the Arizona Supreme Court raised the issue that he should be permitted to litigate before The Industrial Commission the matter as to whether the claim was filed. The Court of Appeals cannot take judicial notice of the accuracy of this statement nor does it question the truth thereof. The Court of Appeals expresses no opinion as to the legal effect of the petitioner's motion for rehearing granting that one was filed in the manner specified. It is the opinion of the Court of Appeals that the posture of this case is not that of the usual review of an Industrial Commission claim wherein a matter has been reversed by the Arizona Supreme Court for further hearing and then the second review by certiorari follows the normal statutory channels by being processed through the Court of Appeals. It is the opinion of the Court of Appeals that the present posture of this case is one wherein the Court of Appeals is without jurisdiction to direct that The Industrial Commission of Arizona hold a hearing of the nature which the petitioner requests this lack of jurisdiction being due to the foregoing historical recitation and the unusual aspects of this litigation. A recent forceful statement with reference to the authority of the Court of Appeals can be found in Arizona Supreme Court Cause No. 9168 PR entitled McKAY v. INDUSTRIAL COMMISSION OF ARI-

ZONA, [103 Ariz. 191, 438 P.2d 757], an opinion filed on 14 March 1968. Another recent opinion with reference to any court other than the Supreme Court taking corrective action is No. 9149, STATE v. SUPERIOR COURT, [103 Ariz. 208, 439 P.2d 294], an opinion filed 21 March 1968. A.R.S. § 12–120.22 B authorizes the Court of Appeals to transfer matters to the Arizona Supreme Court where they have been improperly filed with the Court of Appeals.

"IT IS ORDERED transferring this cause to the Arizona Supreme Court and the Clerk of this Court is directed to transmit the file in this cause to the Clerk of the Arizona Supreme Court."

On 16 April, 1968, by minute entry order the Supreme Court took the following action:

"ORDERED: Case be re-transferred to Court of Appeals for decision in accordance with facts and law."

 Thereafter the case was briefed and argued in the Court of Appeals. The Commission urges that this Court cannot authorize a hearing as requested by Collins' petition of 20 December, 1967. The Commission urges that Collins raised the question as to his right to a hearing on the subject of jurisdiction in his motion for re-hearing before the Arizona Supreme Court. We have not been furnished with a certified copy of the motion for rehearing or with a certified copy of the Supreme Court's ruling thereon and we are not in a position to take judicial notice of the records of the Arizona Supreme Court except as they are reflected in the publication of its opinions or in orders directed to this Court or in other official publications such as rules. Be that as it may, we do have a directive issued by the Supreme Court to the Court of Appeals which is contained in its order of 16 April, 1968. This Court has no facilities for the determination of "the facts" as directed by the Supreme Court's order. We are again mindful of the admonitions of the Supreme Court contained in the McKay case cited in our order of 25 March, 1968 and restated in the recent cases of Maricopa County Medical Society v. Blende, 104 Ariz. 12, 448 P.2d 68 and State of Arizona v. Federico, 104 Ariz. 49, 448 P.2d 399, both decisions of the Arizona Supreme Court entered on 11 December, 1968.

In the 10 December, 1968 decision of the Arizona Supreme Court in the case of Heeter v. Moore Drug Company, 104 Ariz. 41, 448 P.2d 391, the Supreme Court approved the action of the trial court in re-opening its earlier hearing on the subject of its own jurisdiction. The Supreme Court stated (at page 4 of the mimeographed copy which we have) that "(a) jurisdictional hearing is not such a trial" as to preclude a reopening of the hearing beyond the time that a motion for new trial could normally be filed.

In our opinion the only fact finding body in connection with the problems which now confront this Court is The Industrial Commission of Arizona. The Commission has not had this issue presented to it. In our opinion Collins is entitled to present to the Commission evidence which he claims will show that he in fact did timely file a Form C–407 with the Commission. We are not called upon to decide the effect of our prior opinion or the effect of the opinion of the Arizona Supreme Court upon the merits of the Collins claim, if it should be that Collins is successful in establishing presence of the requisite jurisdiction in the Commission, that is the jurisdiction to consider the merits of his claim for compensation arising out of his 7 May, 1963 industrial injury.

The order of the Commission entered on 25 January 1968 is vacated.

DONOFRIO, C. J., and CAMERON, J., concur.