455 P.2d 963

**Charlie COLLINS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, L. M. White Contracting Co., Inc., and State Compensation Fund, Respondents.**

**No. 9589–PR.**

Supreme Court of Arizona.

In Banc.

June 16, 1969.

Hirsch, Van Slyke & Ollason, Tucson, for petitioner.

Robert K. Park, Phoenix, for respondents.

UDALL, Chief Justice:

Collins, an employee of White, suffered a compensable injury. The Industrial Commission made some payments without Collins' ever having filed a claim. After payments were stopped and Collins disputed the Commission's award, the case reached the Court of Appeals. There, for the first time, the Commission brought up Collins' failure to file a claim within one year from the date of the accident (as required by A.R.S. § 23–1061), and moved to dismiss the appeal on that ground.

The Court of Appeals denied the motion and vacated the award, Collins v. Industrial Commission, 5. Ariz.App. 205, 424 P.2d 853. When the Commission petitioned this Court for review, we vacated the Court of Appeals' decision and reinstated the award. Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801. Our reason was that the timely filing of the claim by the employee is a condition precedent to the Commission's jurisdiction which cannot be conferred by waiver or estoppel.

Collins then moved for a rehearing, stating we had assumed that no claim had been filed; *that this assumption was "undoubtedly true"*, but that we had no right to make it solely on the bare allegation of the Commission; that the question of whether the claim had been filed is a fact question which can be determined only by the Commission, and not by an appellate court; that all he wanted was his day in court to prove that a claim had actually been filed; and that this Court should change its order and remand the case to the Commission for a hearing on that single issue. We denied the motion for a rehearing, for the very obvious reason that if it were "undoubtedly true" that the claim had not been filed, it would be a waste of time and money to remand the case to the Commission to hear evidence on the question.

Despite our denial of his request that he be allowed a hearing before the Commission to establish whether a claim was timely filed, he promptly petitioned the Commission for a hearing solely on that exact issue. Even in that petition he does not allege that he filed a claim. The Commis-

sion found that it lacked jurisdiction to hear the matter, based upon this Court's previous opinion. Collins again carried the case to the Court of Appeals.

Up to this point Collins had never made any allegation that he filed a claim. On the contrary, he admitted that none had ever been filed. Now, however, in a memorandum filed in the Court of Appeals, 9 Ariz.App. 37, 449 P.2d 54, 58, he states:

> "Petitioner makes the assertion that he will prove as a fact that petitioner did not file one, nor two, but three claims with the Industrial Commission of Arizona all at their request and insistence!"

The Court of Appeals, doubtless impressed with this plethora of proposed proof, opined that it was "not in a position to take judicial notice of the records of the Arizona Supreme Court * * *" and vacated the Commission's order. Thereafter, despite the fact that copies of the pertinent documents were attached to the Commission's motion for rehearing, the Court of Appeals denied the motion, and the case is again before us on a petition for review.

Collins argues that there was nothing in the record in the first appeal, to indicate a failure to file a claim, except the unsupported allegation of the Commission in its motion to dismiss. This is true, and had that allegation been controverted, we might have found it necessary to reinstate the Commission's jurisdiction, for the purpose of determining this disputed question of fact. However, when the fact is not only allowed to stand undisputed, but is also actually admitted, we see no reason to consider it a subject for inquiry by a fact-finding body. Collins claims that we have transformed the "allegation" of failure to file a claim, into a "fact", by "magic", without giving him an opportunity to answer and present evidence before a fact-finding body. We can only answer that he had the requisite opportunity, and the "magic" which changed the allegation into a fact upon which we based our decision, was his own admission that the allegation was true!

Our decision on the first petition for rehearing adjudicated the issue and became the law of the case. The employee cannot be permitted to relitigate the question.

The decision of the Court of Appeals is vacated and the order of the Commission, of January 25, 1968, denying a hearing and closing the case, is affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.