**Joe F. SCHOOLER, M.D., Appellant,**

**v.**

**TARRANT COUNTY MEDICAL SOCIETY, Appellee.**

**No. 17132.**

Court of Civil Appeals of Texas, Fort Worth.

July 10, 1970.

Rehearing Denied Sept. 18, 1970.

Ernest May, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Munn, and Estil Vance, Jr., Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The relator, Dr. Joe Schooler, applied to a district court for a writ of mandamus against respondent Tarrant County Medical Society, commanding that Society to admit him to provisional membership therein. On March 10, 1970, after trial on the merits, the trial court rendered judgment denying all relief sought by Dr. Schooler and this appeal is from that decree.

The material facts will be here set out. Relator at all times pertinent here held an M:D. degree from the University of Texas. He started practicing medicine in Tarrant County in September, 1963. On November 22, 1963, he was accepted as a "provisional member" in respondent Society. Such provisional membership, under the Society's By-laws, was for 24 months. At the end of that period relator applied for regular

membership, but withdrew the application and asked to be again admitted as a "provisional member" for another year. This' was permissible under Society's rules and the application was granted. At the end of this third year as a provisional member relator made another application for regular membership in the Society and Society's Board of Directors rejected it about November 25, 1966.

From this date, November 25, 1966, to the time of the trial relator has not been a member of respondent Society under any classification. On October 7, 1968, relator applied for a new provisional membership in Society and this application was rejected by Society's Board of Directors on December 27, 1968. On February 18, 1969, a special meeting of the entire Society was called for March 4, 1969, by its president, and although the Society's By-laws did not provide for it Dr. Schooler was then given a hearing before the entire Society and at the end of the hearing the matter was then submitted to a vote of the Society and the members present voted to sustain the action of their Board of Directors in rejecting relator's application.

Relator then filed this suit on May 22, 1969, alleging that he was an orthopedic surgeon; that he was licensed by the State to practice medicine; that he had an M.D. Degree from the University of Texas; that he must have access to a hospital in order to perform surgery and to effectively practice his profession; that the hospitals in Fort Worth effectively limited their staff memberships to members of respondent Society; that only staff members can attend patients in these hospitals; that the Board of Directors and the membership of Society in rejecting his application for membership in Society acted arbitrarily and capriciously and such action was not based on any substantial evidence that relator lacked any type of qualification for membership in the Society; that while a provisional member in Society he had been on the staff of All Saints Episcopal Hospital, Harris Hospital, Fort Worth Children's Hospital and St. Joseph's Hospital (all located in Fort Worth and in Tarrant County); that his staff membership in All Saints was terminated March 21, 1967; that on January 31, 1968, his membership on the staff of Harris Hospital was not renewed; that on September 30, 1968, he was refused renewal of staff privileges at the Children's Hospital; that on April 15, 1969, his staff privileges at St. Joseph's Hospital were terminated; that his professional career has been ruined by Society refusing to let him be a member; that he has been caused to suffer great pecuniary loss; and that he cannot get on the staff of any hospital in the County and that all this resulted from the refusal of Society to allow him to become a member.

Respondent, Tarrant County Medical Society, is a corporation and is what is known as a "voluntary association" in the sense that membership in it is not required by any Texas law as a condition precedent to the right to practice medicine in Texas.

It was the contention of the Society during the trial that its Board of Censors was charged by its Constitution and By-laws with the duty of investigating and certifying the fitness of applicants for membership and to demand ethical practice of all members. It contended also that during the first 24 months that Dr. Schooler was a provisional member in the Society numerous complaints were filed with the Society against him as a practicing physician. It contended that at the end of the first 24 months Dr. Schooler was permitted to be a provisional member for an additional 12 months and that during that period new and additional complaints of the same nature were filed against him with the Society. The nature of the complaints involved were overcharging, violating the medical Code of Ethics, unprofessional conduct in requesting a financial statement of a seriously ill patient before providing the patient with treatment, abuse of nurses, unprofessional conduct with a patient, and inadequate care of patients. Society contended that there existed ample grounds that constituted good cause for re-

fusing Dr. Schooler's application for membership.

We will discuss three reasons why we should affirm the trial court's judgment.

## One

The following is from an annotation in 89 A.L.R.2d 966: " * * * the general rule is that the courts cannot compel admission of an individual into a voluntary association, since membership is a privilege and not a right, and even if a person's application is arbitrarily refused, he is without legal remedy. It appears that the weight of authority favors the application of the general rule with regard to compelling admission to professional societies or associations also."

To the same effect see 7 C.J.S. Associations § 23, p. 56.

■ Texas courts follow the weight of authority on this point. Harris v. Thomas, 217 S.W. 1068 (Amarillo Civ.App., 1920, no writ hist.), and Brown v. Harris County Medical Soc., 194 S.W. 1179 (Galveston Civ.App., 1917, no writ hist.). And it makes no difference whether the Association is incorporated or not. The Constitution and By-laws of such an Association confer no legal rights on non-members thereof. Gold Knob Outdoor Adv. Co. v. Outdoor Adv. Ass'n, 225 S.W.2d 645 (Texarkana Civ.App., 1949, no writ hist.).

The following is from the Texas Supreme Court's opinion in Cline v. Insurance Exchange of Houston, 140 Tex. 175, 166 S.W.2d 677 (1942): "A voluntary association has the power to enact rules governing the admission of members and prescribing certain qualifications for membership; and such rules will be enforced, unless they are against good morals or violate the laws of the State. (Cites cases.)"

No contention is made in this case that any of the pertinent rules of the Society are against good morals or that they violate the laws of this State.

On this appeal Dr. Schooler relies heavily on the following cases: Falcone v. Middlesex County Medical Soc., 34 N.J. 582, 170 A.2d 791 (1961); Blende v. Maricopa County Medical Society, 96 Ariz. 240, 393 P.2d 926 (1964); and Maricopa County Medical Society v. Blende, 104 Ariz. 12, 448 P.2d 68 (1968).

■ These cases are contra to Texas law as it now exists and no useful purpose could be served by a lengthy discussion of such cases here. Appellant urges that the courts in those cases have disregarded the ancient precedents and that we should do likewise. Since this is an intermediate appellate court we feel it our duty to follow the settled law in Texas until such time as it is changed by the Supreme Court of the State. See 15 Tex.Jur.2d 588, Sec. 131.

■ It is our duty to affirm the trial court's judgment for the reasons set out above.

## Two

■ Mandamus is an extraordinary writ. Its issuance rests largely in the sound discretion of the trial court to be determined in accordance with rules of equity and never to be granted unless relator proves a clear right to the writ. Callahan v. Giles, 137 Tex. 571, 155 S.W.2d 793 (1941).

In Alice National Bank v. Edwards, 408 S.W.2d 307 (Corpus Christi Civ.App., 1966, no writ hist.), the court said at page 311:

"On appeal, the appellate court will not reverse a refusal of the trial court to grant a writ of mandamus unless it is made to appear that the trial court abused his discretion in denying the writ, and the burden is on the appellant to show such an abuse."

The case of Maricopa County Medical Society v. Blende, supra, is relied on by relator. It held that one of the principal issues for determination in a case such as this was whether membership in the Socie-

ty was a prerequisite for maintenance of staff privileges in local hospitals.

Some personnel from every local hospital at which relator formerly had staff privileges appeared as witnesses in this case and testified on that issue. Each of them testified that relator was not removed from the staffs of those hospitals for the reason that his application for membership in respondent Society had been rejected and that he lost his staff privileges for other reasons.

The record shows that there is only one hospital in Tarrant County (Physicians General at Arlington) that has a By-law making it a prerequisite to staff privileges that an applicant be a member of either the Tarrant or Dallas County Medical Society. This is a small privately owned hospital.

Although relator ceased to be a member of Society when his application for membership was rejected on November 25, 1966, he was not removed from some of the hospital staffs until over a year later. For instance, his staff privileges at St. Joseph's Hospital were not terminated until April 15, 1969.

With the record in this state the trial court was justified in finding against relator on the principal issue referred to in the Maricopa County case just above.

■ In its judgment the trial court did expressly find that relator was not denied staff privileges in the hospital because of respondent's action in denying his application for provisional membership in the Society.

There is evidence in the record that supports this finding.

This appellate court is not authorized to disturb the trial court's discretion in refusing to issue a writ of mandamus in this case because that court's action rested on the determination of disputed fact issues. Since there was evidence on these issues to support the trial court's findings its discretion will not be disturbed. And in view of the fact that the trial court found against the relator on this essential disputed fact issue above referred to this Court cannot hold as a matter of law that relator met his burden of showing a clear legal right to a writ of mandamus. Adkins v. Rawls, 182 S.W.2d 509 (Waco Civ.App., 1944, no writ hist.); Kluckman v. Trustees of Raymondville I. School Dist., 113 S.W. 2d 301 (San Antonio Civ.App., 1938, writ dism.); 55 C.J.S. Mandamus § 373f, p. 648.

We must affirm this case for that reason also.

### Three

The basis of relator's case is that respondent's refusal to grant him membership has precluded his admission to staff privileges in the major local hospitals. No hospital was made a party to this suit and no hospital will be bound by the judgment rendered herein. The trial judge determined that relator's failure to get staff privileges in the hospitals was not caused by the fact that he had become a nonmember of the Society. There was considerable evidence in the record to support this finding and to justify the trial judge in believing that relator lost his staff privileges in these hospitals for reasons unrelated to the question of whether he was or was not a member in Society. An examination of the testimony of the hospital representatives who were witnesses in the case makes it apparent that the reasons that led to the loss of relator's staff privileges will not be removed even if the courts did compel Society to allow relator to become a member of it.

■ The goal allegedly sought by relator in bringing this suit was to regain his staff membership at the hospitals. The record in this case makes it apparent to us that issuance of a writ of mandamus by the trial court against the respondent Medical Society in all probability would not have accomplished the object of the suit. Un-

der such circumstances the trial court properly refused to grant the writ.

 A court will not grant a writ of mandamus unless it is convinced that the issuance of such a writ will effectively achieve the purpose sought by relator.

See Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028 (1928); Skelton v. Yates, 131 Tex. 620, 119 S.W.2d 91 (1938); and 37 Tex.Jur.2d 595.

We have not discussed all of the points raised by the parties in their briefs. Nothing would be gained by doing so. Each of the three points that we have discussed demonstrates a separate and independent reason why we are required to sustain the trial court's decision in the case.

The judgment is affirmed.