**THE STATE OF FLORIDA, and the taxpayers, property owners and citizens of Fernandina Port Authority, including non-residents owning property or subject to taxation therein, v. FERNANDINA PORT AUTHORITY in Nassau County, Florida.**

32 So. (2nd) 328     June Term, 1947
October 28, 1947     En Banc

*William A. Hallowes, III* and *Thomas J. Shave, Jr.,* for appellant.

*Herbert Wm. Fishler, A. G. McArthur* and *S. Whitehurst's Sons,* for appellee.

TERRELL, J.:

The Fernandina Port Authority was created and its powers were defined by Chapter 21418, Laws of Florida, Acts of 1941, as amended by Senate Bill 856, Acts of 1947. Among the powers granted it was the power to issue bonds or revenue certificates for designated purposes. This appeal is from a final decree validating an issue of Toll Road and Bridge Revenue Bonds of the Fernandina Port Authority and upholding the validity of Chapter 21418, Acts of 1941, as amended by Senate Bill 856, against the challenge to its constitutional validity.

The sole question brought here for determination is the constitutional validity of Chapter 21418, Acts of 1941, as amended by Senate Bill 856, Acts of 1947, in so far as it authorizes the Fernandina Port Authority to acquire and operate a ferry or ferry connections. It is contended that such authority is in violation of Sections 20 and 21, Article 3, Constitution of Florida, relating to the passage of local laws.

It is admitted that Chapter 21418, Acts of 1941, as amended by Senate Bill 856, Acts of 1947, is a local law. As previously stated, the contention is that the act as amended is in violation of Sections 20 and 21, Article 3, Constitution of Florida, the pertinent parts of which are as follows:

Section 20, Article 3:

"The Legislature shall not pass special or local laws in any of the following enumerated cases that is to say, regulating the jurisdiction and duties of any class of officers . . . and for the *establishment of ferries.*"

Section 21, Article 3:

"In all cases enumerated in the preceding Section, all laws shall be general and of uniform operation throughout the state, but in all cases not enumerated or excepted in that sec-

tion, the Legislature may pass special or local laws, except as now or hereafter otherwise provided in the Constitution."

Casual inspection of these constitutional provisions in so far as applicable to this case, discloses that they inhibited the legislature from passing any law for the "Establishment of ferries" except it be a general law. By all the lexicographers the word "establish" means to found, create, originate or institute. If we were permitted to indulge in a play on semantics an interesting discourse might be injected here on the evolution of the word "establish," but we think its plain meaning and application conclude the point. Miami Bridge Co. v. Railroad Commission, 155 Fla. 366, 20 So. (2nd) 356; Village of Hempstead v. Seymour, 69 N.Y. Supp. 462.

We find nothing in the language of the act under assault to indicate a legislative intent to establish a ferry. It creates the Fernandina Port Authority, a body corporate, provides a Board of Commissioners to administer its affairs, defines the powers and duties of said Board, among which is the power to issue and sell Toll Road and Bridge Revenue Bonds, and the privilege to operate a ferry or ferry connection. There is a marked distinction between establishing a ferry and operating one already created and being administered. The terms of the act under assault do nothing more than authorize the operation of a ferry already created or that may be hereafter lawfully created and that only as incident to the main powers conferred.

Much is said in briefs of counsel about Cantwell v. St. Petersburg Port Authority et al., 155 Fla. 651, 21 So. (2nd) 139, but in that case we were confronted with a situation quite different from that in the case at bar. We were there confronted with the validity vel non of Chapter 13884, Acts of 1929, authorizing the establishment of a certain ferry from near St. Petersburg across Tampa Bay to a point on the mainland in Manatee County. We held the act to be in violation of Sections 20 and 21, Article 3, of the Constitution, because it was a local law and provided for the establishment rather than the administration of a ferry previously created or hereafter *lawfully* established.

The writer of this opinion is of the view, and was at the time, that we might have with a good grace upheld Chapter 13884, Acts of 1929, because the provision in Section 20 of Article 3, relating to the establishing of ferries, had reference to the old flat boat or stream ferry by means of which all streams and other bodies of water were negotiated by the public. There were no bridges at the time and it was recognized that some standard of safety might be required and enforced throughout the state in the matter of constructing and operating ferries. Ferries across bays and large bodies of water such as are now being operated in many cases are unique and certainly were not in contemplation when the constitution was promulgated.

We are therefore convinced that the judgment appealed from was correct and is accordingly affirmed.

Affirmed.

THOMAS, C. J., BUFORD, CHAPMAN, ADAMS, SEBRING and BARNS, JJ., concur.