327 Mass. 178 (1951)
97 N.E.2d 412
RAYMOND SEBASTIAN
vs.
QUARTER CENTURY CLUB OF THE UNITED SHOE MACHINERY CORPORATION, INC.
Supreme Judicial Court of Massachusetts, Suffolk.
February 6, 1951.
March 7, 1951.
Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.
*179 S.S. Grant, for the plaintiff.
E.O. Proctor, for the defendant.
LUMMUS, J.
The defendant is a corporation formed under G.L.c. 180, having members but no stockholders and no assets except cash derived from dues and ten shares of stock of the United Shoe Machinery Corporation. The purpose of its organization is purely social. The qualifications for membership, according to the by-laws, are service for twenty-five years in the "actual active" employ of the United Shoe Machinery Corporation or one of its wholly owned subsidiaries.
The plaintiff lives in New Hampshire, and is employed by such a subsidiary which has its plant in New Hampshire and is engaged in interstate commerce. He has become eligible for membership in the defendant, except that as a member of a labor union he went out on strike on January 21, 1946, and remained out for thirteen weeks before returning to work.
*180 In the spring of 1947 he wished membership in the defendant, but made no formal application. Inquiry on behalf of the plaintiff through his employer and his labor union brought answers from the secretary of the defendant that, because of the break in the plaintiff's service in 1946, due to the strike, the trustees of the defendant would probably not act favorably upon his application for membership, because he was ineligible. The by-laws of the defendant provide that "all questions as to length, continuity, or termination of service of an employee" shall be decided by the board of trustees of the defendant. The board of trustees did not actually pass upon the case of the plaintiff. The judge found that a formal application would have been denied by the board of trustees.
It is true that the president of the United Shoe Machinery Corporation has discretionary power to make a present of ten shares of its stock to an employee of twenty-five years' standing in that corporation or its subsidiary. But that is not a matter of right.
The judge ruled as follows: "I rule that the plaintiff has lost no rights, monetary or otherwise, that are his, by virtue of his inability to gain membership in the defendant organization. I rule that he has no absolute right to membership but that the determination of his eligibility on account of continuous, active employment in the service of United Shoe Machinery Corp. or one of its wholly owned subsidiaries is entirely that of a majority of the board of trustees of the defendant club."
From a final decree dismissing the bill, the plaintiff appealed. The evidence is reported, and findings of fact were made.
The rule is that an organization, whether incorporated or not, having no capital stock and no business, is not required to admit to membership every qualified person who makes application. First Parish in Sudbury v. Stearns, 21 Pick. 148, 153. Taylor v. Edson, 4 Cush. 522, 527. Maguire v. Buckley, 301 Mass. 355, 359-360. Walter v. McCarvel, 309 Mass. 260, 265-266. Cassel v. Inglis, [1916] 2 Ch. 211. *181 Weinberger v. Inglis, [1919] A.C. 606. Chapman v. American Legion, 244 Ala. 553, 147 A.L.R. 585. W.G. Press & Co. v. Fahy, 313 Ill. 262. Mayer v. Journeymen Stonecutters' Association, 2 Dick. (N.J.) 519. McKane v. Adams, 123 N.Y. 609. Simons v. Berry, 210 App. Div. (N.Y.) 90. Cline v. Insurance Exchange of Houston, 140 Texas, 175. Cases where the organization has a business monopoly, as where a labor union insists upon a closed union as well as a closed shop, are distinguishable. James v. Marinship Corp. 25 Cal. (2d) 721. Betts v. Easley, 161 Kans. 459.
Decree affirmed with costs.