SPECTOR, Chief Judge.
Petitioner seeks a writ of certiorari to review an order of the State Board of Independent Colleges and Universities which required petitioner to be licensed under Chapter 246, Florida Statutes, F.S.A.
Section 246.081, Florida Statutes, F.S.A., provides that all nonpublic colleges within the State shall obtain a license in order to continue in operation after January 1, 1972. Section 246.021, Florida Statutes, F.S.A., in defining “college” reads in material part as follows:
“(1) ‘College’ means any educational facility maintained or conducted by any person, association, partnership, corporation, or trust and operated as an institute, junior college, college, university, or entity of whatever kind which furnishes or offers to furnish instruction leading toward, or prerequisite to, an academic degree beyond the secondary level and which requires that, in order to obtain a degree or diploma, the recipient thereof satisfactorily complete appropriate courses or classes or laboratory or research study in person or by correspondence. The following shall be excluded from this definition as it applies to the licensing and regulation requirements of this chapter:

“(f) Colleges that offer instruction of an avocational or recreational nature that does not lead to an occupational objective.”
Petitioner contends that Homestead College of Bible comes within the purview of the subsection (f) exception to the requirements of Chapter 246, Florida Statutes, F.S.A. We agree. The clear meaning of the statute is to the effect that schools which do not have a vocational objective to their course of study are exempt from the application of the statute. The statute was apparently intended to protect the people of Florida from unscrupulous individuals who accept tuition money in exchange for which the “student” receives a minimum amount of instruction and a maximum amount of promises.
In the case sub judice, the institution does not promise a vast array of job opportunities upon completion of its course of study. On the contrary, the record shows that the course of study is limited exclusively to the books of the Bible and *681 that the student undertakes such study for his personal gratification and knowledge. The college is nondenominational and does not prepare people for the ministry or other church related occupations as its announced primary purpose.
Section 246.021 (l)(f) makes a distinction between avocational and recreational by using the disjunctive “or”. The definitions of recreation and avocation are not synonymous. The fact that a course of study is intellectually stimulating and meaningful does not make it vocational. Avocation is defined in Webster’s New Collegiate Dictionary as “ . . . a subordinate occupation pursued in addition to one’s vocation. . . . ” It appears from the record that petitioner’s students are engaged in a wide range of vocational activities and that they are studying the Bible in preparation of an avocation within the meaning of the statute rather than for vocational purposes.
We know of no subject matter which has received more study for nonvocational purposes through the ages in civilized societies than the Bible and its teachings. Indeed, the words of the eminent educator, Robert Maynard Hutchins, “Education: its own end” are perhaps more universally applicable to the study of religion and the Bible than to any other discipline. Hutch-ins’ words, though couched in the idiom of academia, are but a paraphrase of II Timothy 2:15 with which petitioner supports its contention. That biblical passage says:
“Study to show yourself approved unto God, a workman that needs not to be ashamed, rightly dividing the word of truth.”
And, of course, the cited passage is but a restatement of the many admonitions to like effect which are found in the Old Testament, i. e., Proverbs 1:2, 3, 5 and 7.
So it is then that petitioner’s instructional efforts, when considered in light of their biblical subject matter, appear to be avocational in character.
In reference to respondent’s argument that because petitioner grants degrees he cannot claim the statutory exemption, we find no basis for such a contention in the statute. The statute defines a “college” generally as an institution which grants degrees. The statute then makes an exception for colleges as above defined which offer instruction of an avocational nature. It is, in fact, contemplated by the statute that institutions which offer avocational courses may grant degrees. Had the legislature intended to make all degree-awarding institutions subject to the registration requirements of the law regardless of the avocational nature of the instruction given, it could have said so. However, our reading of the law fails to reveal such an intent in view of the exception provided by subsection (f).
As an alternative ground for quashing the order reviewed herein, petitioner has raised the constitutional question underlying the State’s attempt to regulate its educational activity in view of its religious character. However, in view of the decision reached by the Court on nonconstitu-tional grounds, it becomes unnecessary for us to consider this First Amendment question.
For the foregoing reasons, the order appealed is hereby quashed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.