ROCKLAND INSTITUTE, DIVISION OF AMISTAD VOCATIONAL SCHOOLS, INC., a California non-profit Corporation, et al., Plaintiffs,

v.

ASSOCIATION OF INDEPENDENT COLLEGES AND SCHOOLS, a District of Columbia Corporation, Defendant.

No. CV 74–2712–FW.

United States District Court,
C. D. California.

April 28, 1976.

Goodwin Burns, Burns & Marsh, Pasadena, Cal., for plaintiffs.

Sachs, Greenebaum & Tayler, Washington, D.C., Holley, Galen & Willard, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION

WHELAN, District Judge.

This action was filed following the decision of Defendant Association of Independent Colleges and Schools (hereinafter Association) in which it stated it intended to withdraw accreditation of Plaintiff Rockland Institute (hereinafter Rockland). The Association's principal activity is the accreditation of private junior and senior colleges of business and private business schools which are predominantly organized to train students for business careers.

Defendant Dana R. Hart, Executive Secretary of the Association, was previously dismissed for lack of personal jurisdiction.

Defendant Association moved for summary judgment which motion came on regularly for hearing and was thereafter submitted for decision. The Court has heretofore announced it would render judgment on behalf of Defendant Association.

Plaintiffs herein include Rockland, a California business school, and three individuals associated with Rockland, suing on their own behalf and on behalf of all others similarly situated. They allege in their complaint that the withdrawal of Rockland's accreditation by the Association would result in an immediate termination of Federal assistance, in the form of grants and student loans, which in turn would force Rockland to suspend operations. The intended withdrawal of accreditation is based on five claimed areas of deficiency, and Rockland argues that it has either eliminated the alleged deficiencies or that the Association improperly applied its regulations to its evaluation of Rockland. Since the filing of the complaint herein, accreditation has been withdrawn and Rockland has discontinued operations.

It appears from the record that an institution such as Rockland can receive federal funds despite a lack of accreditation either by showing that three accredited institutions will accept its credits when a student transfers to a similar institution, or by showing that it will meet accreditation requirements within a reasonable time. 20 U.S.C. § 1085(b)(5).

██ A court's review of the decision of an accrediting association is limited to a determination that the Association's actions were not arbitrary or unreasonable, *Falcone v. Middlesex County Medical Society,* 34 N.J. 582, 170 A.2d 791, 800 (1961), and that the decision was supported by substantial evidence and reasonably related to legitimate professional purposes of the Association. *Blende v. Maricopa County Medical Society,* 96 Ariz. 240, 393 P.2d 926, 930 (1964).

██ It must first be determined if the Association followed its own established procedures for withdrawing accreditation. *Blende, id.; North Dakota v. North Central Association of Colleges and Secondary Schools,* 99 F.2d 697 (7th Cir.1938).

Here, the Association's rules require that an institution subject to withdrawal of accreditation must be afforded 1) the opportunity for a hearing before the Board of Commissioners of the Association, 2) prior written notice of the proceedings, the charges levied, and the criteria by which the school is to be judged, and 3) a decision on the record and a statement of the reasons therefor. Title III, Operating Criteria for Accredited Institutions (hereinafter Operating Criteria), § 2–5–105(a)–(c). If the Commission suspends accreditation, the institution is given a specific time in which to remedy the defects. Near the end of the suspension period, the institution is given a remediation hearing. The hearing is held with rights of advance notice, representation by counsel, ability to present evidence and to be heard, and a written decision. If

the Commission finds compliance with the suspension order, the order is vacated. Operating Criteria, § 2–5–108. If, however, the decision is affirmed, the suspension of accreditation becomes a withdrawal of accreditation. Operating Criteria, § 2–5–108. There is no right to appeal an adverse decision at a remediation hearing. Operating Criteria, § 2–5–108.

In the instant case, the events leading up to Rockland's revocation of accreditation were as follows. Rockland was given notice that on April 2, 1974, a show cause hearing was to be held in response to the Association's notification by the Attorney General of the State of California that his office had opened a formal investigation of Rockland concerning "inadequate courses, inadequate facilities and alleged misrepresentations by institutional representatives." Prior to the show cause hearing, the Association sent a representative to Rockland to conduct its own on-site investigation of the alleged deficiencies.

After the hearing, Rockland was informed by the Association that it had been found in noncompliance with the Association's Operating Criteria in five specific areas: lack of evidence of adequate financial resources, improperly administered student financial aid, transcript deficiencies, inappropriate admissions policies, and an inappropriate catalog.

Accreditation was suspended following the April 2 show cause hearing. An appeal to the decision was heard on July 11, 1974, and the suspension was affirmed.

On August 7, 1974, Rockland was given another hearing to determine if it could demonstrate sufficient remediation of the deficiencies to justify restoring accreditation. The Association found that the deficiencies still existed and suspension was continued. The suspension of accreditation became a revocation of accreditation on September 15, 1974.

In this action Plaintiffs contend that the application of Defendant's Operating Criteria to Rockland was wrongful, particularly in its procedural aspects. Plaintiffs contend that the use of a one man inspection team to conduct the on-site inspection was irregular, and that the notice of the show cause hearing and of Rockland's alleged deficiencies was insufficient.

■ The Association asserted that although the individual who conducted the on-site investigation did submit a report of his visit to the Association, it was the order to show cause hearing and not the report which led to the suspension of accreditation. The investigator took no part in the hearing or the decision to suspend accreditation. Therefore, any irregularities which may or may not have existed are immaterial to the issues herein.

■ Secondly, Plaintiffs received notice of the show cause hearing almost a month in advance of the hearing. They contend that such notice was insufficient to enable them to prepare a response to the charges.

However, Rockland has failed to show any prejudice resulting from the length of notice. Rockland was allowed to submit all the evidence it wished to present at the hearing even though the date for filing had passed. From the record it appears that any inability to prepare was due to poor communications between Rockland and its attorney. The Court is of the opinion that the period of time between notice and hearing was reasonable under the circumstances.

■ In addition, Plaintiffs contend they were not sufficiently informed of the reasons for the show cause hearing, or that the subject of adequate financial resources was to be an issue.

While it is true that the notice did not state that the hearing would require Rockland to present evidence of adequate financial resources as such, it did allege that Plaintiff was deficient in its administration of student financial aid, and that Plaintiff was not in compliance with Operating Criteria § 3–1–702 which relates to the refund policy of the institution. In addition, Plaintiff previously had been requested to provide a certified financial statement to the

Association and had failed to do so. Despite Plaintiffs' claim of lack of notice it is especially significant that at the show cause hearing, Rockland's representative was accompanied by a Mr. Romero who identified himself as a "financial aid expert."

Finally, even assuming Plaintiffs did not have sufficient notice that such information would be required at the show cause hearing, Rockland was well aware that information concerning its financial resources would be required at the remediation hearing which was held on August 7, 1974. Rockland was therefore on notice that the adequacy of its financial resources would be at issue.

■ Plaintiffs have also attacked the Association's standards as being "vague" and presenting "no ascertainable standard."

The Court in *Parsons College v. North Central Association of Colleges and Secondary Schools*, 271 F.Supp. 65 (N.D.Ill.1967), concerning a similar attack on the standards of an accrediting agency stated the following:

"In its attack on standards, claiming them to be nebulous, the College relies upon decisions holding statutes to be unconstitutional on the ground that they are so vague as to be unintelligible to men of ordinary intelligence. The authority is inapposite. The standards of accreditation are not guides for the layman, but for professionals in the field of education. Definiteness may prove, in another view, to be arbitrariness. The Association was entitled to make a conscious choice in favor of flexible standards to accommodate variation in purpose and character among its constituent institutions, and to avoid forcing all into a rigid and uniform mold."

In determining the reasonableness of the Association's standards, it has been held that the Court's review is limited in scope, with the Court extending deference to an association's determination of the reasonableness of its standards. *Marjorie Webster Junior College, Inc. v. Middle States Association of Colleges and Secondary Schools,*

*Inc.,* 139 U.S.App.D.C. 217, 432 F.2d 650 (1970), *cert. den.,* 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970). "[T]he extent to which deference is due to the professional judgment of the association will vary both with the subject matter at issue and with the degree of harm resulting from the association's action." *Marjorie Webster Junior College, Inc.,* id. at 655.

Although Plaintiffs have alleged they will be greatly harmed by the Association's actions in that they will lose federal assistance, such loss if it occurs is not entirely the result of Defendant's actions, but would also be due to Rockland's failure to qualify as an eligible institution for federal funds under the alternate methods available pursuant to 20 U.S.C. § 1085(b)(5). Therefore, the harm alleged by Plaintiffs is not entirely due to Defendant's actions.

Here, the Association found Rockland deficient in five areas. The five areas were generally stated in its decision following the show cause hearing with specific reference to the applicable provisions of the Operating Criteria which set forth the standards in greater detail.

As the subject matter of this action is of the character that is best left to the professional judgment of those in the field of education, the Court is inclined to extend deference to the standards of the Association. The Court is of the opinion that the standards of the Association as embodied in the Operating Criteria are sufficient guidelines to professionals in the field of education.

■ Plaintiffs lastly contend the decision to withdraw Rockland's accreditation was not based on substantial evidence on the record. However, after a careful review of the record, it is clear that the Association's decision to suspend and later to withdraw accreditation is amply supported by the record.

On the question of the inadequacy of the financial resources alone, the evidence is sufficient to justify the Association's actions. By the testimony of Rockland's own financial expert, Mr. Romero, there was

"gross mismanagement of funds", Rockland had a student refund obligation of $120,000.00, and there was evidence showing a negative net worth of approximately $60,000.00.

Furthermore, at the remediation hearing, the student refund obligation had increased to $145,000.00, and Rockland's negative net worth was then shown to be $92,314.00.

■ Plaintiffs seem to contend they are entitled to a trial de novo on the issue of accreditation. However, it clearly appears they are limited to the record before the Association at the time of the withdrawal of accreditation.

If Plaintiffs wish to present additional matter other than that on the record, they should present such matter to Defendant Association for reconsideration.

The foregoing constitutes the summary of undisputed material facts and conclusions of law of the Court. Judgment will be entered accordingly.

No judgment shall be entered until the Court has signed its formal judgment. Any other motion is moot.