**MARLBORO CORPORATION d/b/a Emery School, Plaintiff,**

v.

**ASSOCIATION OF INDEPENDENT COLLEGES AND SCHOOLS, Defendant.**

Civ. A. No. 76–482–G.

United States District Court, D. Massachusetts.

June 24, 1976.

David Lipton, Barron & Stadfeld, Boston, Mass., for plaintiff.

Richard F. McCarthy, Willcox, Pirozzolo & McCarthy, Boston, Mass., for defendant.

## ORDER DENYING PRELIMINARY INJUNCTION

GARRITY, District Judge.

Plaintiff corporation conducts a business school which trains students to operate stenotype machines for employment as court and conference stenotype reporters; it is a private proprietary school which offers a two-year, non-degree granting program. Defendant association is the accrediting agency officially recognized by the United States Commissioner of Education to accredit business schools like the

plaintiff and is the only agency so recognized. Accreditation is for a six-year period. The accreditation of plaintiff's predecessor corporation, which operated the same school, expired in 1972, and under the defendant's procedures plaintiff was required to reapply for accreditation. Pending reapplication and a decision thereon, plaintiff's accreditation was extended until the end of 1975. In August 1975 the defendant denied a new grant of accreditation, and on December 2, 1975 it denied plaintiff's appeal. Plaintiff has brought this suit to compel the defendant to reverse its decision, alleging that defendant's action violated applicable standards of procedural due process and certain regulations issued by the United States Commissioner of Education.

The matter came before the court on plaintiff's motion for a preliminary injunction. The parties filed lengthy legal memoranda, numerous affidavits and virtually the entire record of the proceedings before the defendant. It is ordered that plaintiff's motion be denied because of failure to show a probability of prevailing on the merits.[1]

▇▇▇ To the extent that plaintiff's claims rest upon the defendant being an agency of government and its actions being either state action or governmental action, plaintiff's claims are denied. Defendant association's ties with government are not sufficient to invest its actions with governmental character under *Burton v. Wilmington Parking Authority,* 1961, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45. Cases cited by the plaintiff are distinguishable on the ground that the defendant association in this case comprises only private schools and no public institutions. This does not, of course, mean that the defendant may act arbitrarily or without appropriate procedural due process in making decisions on accreditation. Private associations like defendant are "quasi-public" and must follow fair procedures reasonably related to their legitimate purposes. *Falcone v. Middlesex County Medical Society,* 1961, 34 N.J. 582,

170 A.2d 791, *Blende v. Maricopa County Medical Ass'n,* 1964, 96 Ariz. 240, 393 P.2d 926. We have reviewed the entire administrative file in this case and find that the defendant association's procedures meet the standards set in the *Falcone* and *Blende* and similar cases and that the defendant's decision denying reaccreditation to plaintiff was based upon substantial evidence carefully considered.

Previous to denial of plaintiff's reaccreditation it became clear that it had incomplete records of financial transactions. Accordingly, in at least three letters previous to December 1975, the defendant's staff reminded plaintiff of the requirement of an applicant for reaccreditation submitting an audited financial statement evidencing financial stability certified by an independent certified public accountant. Plaintiff's obligation to submit such a statement appears in section 2–2–103 of applicable Operating Criteria and a checklist of required forms furnished to the plaintiff on December 17, 1974. Plaintiff errs in limiting its obligation to demonstrate its financial stability to the provisions of section 3–1–302 of the Operating Criteria. Furthermore, it developed at the appeal hearing on December 2, 1975 that plaintiff's principal officer and owner was unable to explain basic ambiguities in the unaudited and uncertified financial statement which plaintiff submitted. These facts without more would have warranted the defendant's decision.

Plaintiff's contentions regarding the defendant's noncompliance with certain regulations promulgated by the United States Commissioner of Education are refuted by the affidavit of John R. Proffitt, who is Acting Director of the Division of Eligibility and Agency Evaluation of the United States Office of Education. Plaintiff makes the valid point that Mr. Proffitt's opinions are not equivalent to agency regulations. Nevertheless they constitute an expert construction of the regulations by an official charged with the duty of adminis-

---

1. The hearing considered every aspect of the case, which may now be ripe for filing of cross motions for summary judgment.

tering them and are consistent with the court's finding that the defendant did not violate them.

Finally, in denying a preliminary injunction the court does not necessarily subscribe to all consequences of the distinction between the withholding and withdrawing of accreditation which have been urged by defense counsel. Under different circumstances an adversary hearing of the type provided when accreditation is withdrawn might be required for fundamental fairness to an applicant for reaccreditation. Our ruling here is simply that, under the circumstances confronting the defendant with respect to plaintiff's application for reaccreditation, ample procedural due process was afforded.