Mr. C. Wayne Freeberg Executive Director, State Board of Independent Colleges and Universities
QUESTION:
May the State Board of Independent Colleges and Universities require colleges incorporated in Florida but operating only in a foreign country to be licensed in Florida?
SUMMARY:
Until judicially or legislatively determined to the contrary, private colleges incorporated in Florida and operating solely in a foreign country are not required to be licensed under ch. 246, F.S., as a nonpublic college.
You state that the Board of Independent Colleges and Universities has received an inquiry from the Director of the Office of International and Eeucation Technology, United States Department of Health and Human Services, as to whether the board has any jurisdiction over Florida corporations operating as colleges in Spain. The two corporations in question were incorporated under Florida law, one as a corporation for profit and the other as a nonprofit corporation, and both have been informed of the licensing requirements for nonpublic postsecondary institutions in Florida. A question has been raised, however, as to whether the licensing requirements set forth in s. 246.081, F.S., are applicable to colleges operating solely in a foreign country.
Except as restricted by the Constitution, the Legislature has the power to create corporations and to prescribe the mode and purposes of incorporation, the powers conferred and the conditions under which they may be exercised. 18 C.J.S. Corporations s. 26. While the state cannot create a corporation beyond its territorial limits, it may authorize the creation of a corporation with the power to exercise its powers or carry on operation in other states or countries with their permission and subject to their laws; wherever such corporation does business, however, its existence is referable to the laws of the state of its creation. 18 C.J.S.Corporations s. 27. In Florida, corporations may be organized for any lawful purpose. See s. 607.007, F.S., which also provides that the provisions of ch. 607, F.S., extend to `all corporations, whether for profit or not for profit, or whether chartered by special acts or general laws, except that special statutes for theregulation and control of types of business and corporations shallcontrol when in conflict herewith.' (Emphasis supplied.) And see
s. 607.011(2)(h), F.S., which states that each corporation shall have the power to conduct its business, carry on its operations, and have offices and exercise the powers granted by ch. 607, F.S.,within or without this state; and s. 607.084(1), F.S., which provides that meetings of shareholders may be held at such place,either within or without this state, as may be provided in the bylaws or when not inconsistent with the bylaws, in the notice of the meeting. See also s. 607.131(1), F.S., stating that meetings of the board of directors, regular or special, may be held either within or without this state. Cf. AGO 076-91 stating that corporations may be organized under ch. 607 and the provisions of that chapter apply to all corporations whether for profit or not.
The Legislature, however, has reserved the power at all times to `prescribe such regulations, provisions, and limitations as it may deem advisable, which regulations, provisions, and limitations shall be binding upon any and all corporations subject to the provisions of [ch. 607], and the Legislature shall have power to amend, repeal, or modify this chapter at pleasure.' Section 607.411, F.S. Cf. 14 C.J.S. Colleges and Universities s. 2(b) (in the case of private institutions, if neither the statutes under which the college is incorporated nor its charter reserves the right to the state to change or modify its charter, no such right exists); and AGO 075-283 stating that the jurisdiction or power of the state is coextensive with the territorial boundaries of the state and, similarly, the jurisdiction or power of state officers, agents and departments is coextensive with the territorial boundaries of the state; the Legislature has no power to enact a statute extending a state's power beyond its jurisdictional boundaries or to attempt to regulate persons, corporations, or activities beyond its jurisdictional boundaries. The Certificate of Incorporation of one of the colleges in question specifically provides that the objects and purposes it proposes to carry on and transact are to establish and operate a 2 year junior college in Europe; to conduct student educational tours and arrange charter flights in connection therewith; to conduct its affairs, carry on its operations and have offices and exercise the powers granted by its charter in any state, territory, district, or possession of the United States of any foreign country; and to perform any part of its business outside the State of Florida, in the other states of the United States or in foreign countries. The Articles of Incorporation of the other college provide generally that the purpose of its organization is to engage in any activities or business permitted under the laws of the United States of America and the State of Florida.
Under its police power, the state may subject private schools to reasonable regulation, including registration and licensing, provided that such regulations are not arbitrary. See, e.g., Marlboro Corporation v. Association of Independent Colleges and Schools, Inc., 416 F. Supp. 958 (D.C. Mass. 1976), affirmed,556 F.2d 78 (1st Cir. 1977); State v. Williams, 117 S.E.2d 444 (N.C. 1960) (while Legislature under the police power may regulate education in may respects in private schools, the exercise of such power must not be arbitrary and must be limited to the preservation of the public's safety, health or morals); 14 C.J.S.Colleges and Universities s. 3 (reasonable regulations designed to create proper standards for colleges and universities have been upheld although the Legiglature may not under the guise of regulation impose arbitrary restraints to suppress private colleges). Cf. Murphy v. Florida Real Estate Commission,115 So.2d 187 (2 D.C.A. Fla., 1959), cert. denied, 117 So.2d 1 (Fla. 1959); AGO 075-51. Chapter 71-128, Laws of Florida, created the State Board of Independent Colleges and Universities to establish minimum standards for the licensure of nonpublic colleges and universities. The board is required to recommend to the State Board of Education minimum standards and rules and regulations for the operation of nonpublic colleges and universities. See ch. 6E, F.A.C. The purpose of the act is generally set forth in s. 246.011, F.S., which provides in part:
 It is the intent of the Legislature to encourage privately supported higher education and to protect the integrity of degrees and diplomas conferred by privately supported educational institutions. This chapter shall provide for the protection of the health, education, welfare, and morals of the citizens of Florida and shall facilitate and promote the acquisition of a minimum satisfactory education by all the citizens of this state. . . . It is in the interest of, and essential to, the public health, education, welfare, and morals that the state create the means whereby all nonpublic colleges as defined in this chapter shall satisfactorily meet minimum educational standards. (Emphasis supplied.)
Cf. Homestead College of Bible v. State Board of Independent Colleges and Universities, 278 So.2d 679 (1 D.C.A. Fla., 1973).
`College' is broadly defined in s. 246.021(1), F.S., to mean any
educational facility which furnishes or offers to furnish a degree (as defined in s. 246.021(7), F.S.), or instruction leading toward, or prerequisite to, an academic degree beyond the secondary level and which requires that, in order to obtain such a degree or a diploma, the recipient thereof satisfactorily complete appropriate courses, classes or laboratory or research study in person or by correspondence. There are, however, several exclusions from the foregoing definition of `college' as it applies to the licensing and regulation requirements of the chapter. See s. 246.021(1)(a)-(h), F.S. A determination, however, in any given instance as to whether a school is a `college' as defined in s. 246.021(1) or whether a college is excepted or excluded from the licensing and regulation requirements under s. 246.021(1)(a)-(h) is a mixed question of law and fact which the board rather than this office must make. For the purposes of this opinion, however, it is assumed that your inquiry concerns schools which are colleges as defined in s. 246.021(1) and which are not specifically excluded under subsections (1)(a)-(h) of s. 246.021 from the licensing and regulation requirements of ch. 246, F.S. Subsection (2) of s. 246.021, F.S., defines `out-of-state college' or `college outside the state' to mean `any college where theplace of instruction, [or] the legal place of residence, or the place of evaluation of instruction or work by correspondence isnot within the legal boundaries of this state.' (Emphasis supplied.) Your inquiry concerns colleges which although incorporated in Florida operate solely in a foreign country, and under the foregoing definition would therefore appear to qualify as `out-of-state college[s]' or `college[s] outside the state.'
Section 246.081(1), F.S., provides that no nonpublic college shall continue operation or be established within the state after January 1, 1972, unless such school applies for and obtains from the board a license in the manner and form prescribed by the board. Upon receipt of approved articles of incorporation from the Department of State that purport to be for an institution of higher learning within the meaning and intent of the chapter, the statute requires a newly formed corporation within 60 days of such approval, to make an application to the board for a license; when articles of incorporation have been issued to an institution of higher learning, the Department of State is required to immediately furnish a copy of such articles of incorporation to the board. The approval of such articles of incorporation by the Department of State `shall not be deemed to be an authorization to engage in the operation of an institution of higher learning until such time as a license has been obtained from the board.' Cf. s. 607.007, F.S., stating that special statutes for the regulation and control of types of business and corporations shall control when in conflict with ch. 607. Section 246.081(1), F.S., thus requires licensure of all nonpublic colleges `established within' the state after January 1, 1972. The term `within' generally means inside the bounds of a place or region. See Webster's Third International Dictionary, Within p. 2627 (1966 edition); 97 C.J.S.Within p. 330. The term `establish' is a general and variable term; in its primary sense, it means to found, create, make, start, originate. 30A C.J.S. Establish, p. 1027; State v. Fernandina Port Authority, 32 So.2d 328 (Fla. 1947). See also
Webster's Third International Dictionary, Establish p. 778 (1966 edition) (to bring into existence, create, make, start, originate, found or build). Under such a broad definition, the term `establish' may encompass or refer to colleges incorporated in the State of Florida, regardless of physical location of such colleges or their places of operation or instruction.
The context in which the term is used, however, is determinative of its meaning. See, e.g., State v. Town of Lake Placid,147 So. 468 (Fla. 1933) (word `establish' in common language has various meanings and the peculiar sense in which it is used in any sentence is to be determined by the context). My examination of enabling legislation for s. 246.081, ch. 71-128, Laws of Florida, and subsequent amendments thereto, failed to reveal any clear evidence of legislative intent regarding this point, and an examination of the other provisions of ch. 246 provides little assistance. For example, your inquiry concerns colleges incorporated in Florida which also appear to be `out-of-state college[s]' as that term is defined in s. 246.021(2), F.S. Under s. 246.101, F.S., the license fees imposed thereunder differ for a license to conduct a college chartered in Florida as opposed to a license to conduct a Florida center of an out-of-state college.See s. 246.101, F.S. 1979, which provides in pertinent part that `[e]ach original application for a license to conduct a college chartered in Florida shall be accompanied by a license fee of $300, and each original application for a license to conduct a Florida center of an out-of-state college shall be accompanied by a license fee of $500.' The statute originally made no distinction between colleges chartered in Florida and out-of-state colleges for purposes of license fees to conduct such schools. In 1977, however, the statute was amended to distinguish between colleges chartered in Florida and out-of-state colleges. See s. 2, ch. 77-426, Laws of Florida. The statute was again amended in 1979 `to improve clarity' in which the words `a Florida center of' were added to the provision for an out-of-state college applying for a license. Section 112, ch. 79-400, Laws of Florida. For agents of such nonpublic colleges, a distinction between in-state colleges and out-of-state colleges has been maintained since the statute was first adopted in 1971. See s. 10, ch. 71-128, Laws of Florida. Except for the license fee provisions for Florida centers of out-of-state colleges, ch. 246, F.S., contains no express provisions for the licensing or other regulatory requirements for out-of-state colleges, per se, or even mentions the same except in connection with agents representing out-of-state colleges. See ss. 246.021(4) and 246.101, F.S. See also s. 246.081(2), F.S.
The board, as an administrative agency created by the Legislature, is limited to those powers which have been expressly or by necessary implication granted by the statutes creating it. See
Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); Florida Industrial Commission v. National Trucking Co., 107 So.2d 397 (1 D.C.A. Fla., 1958); Williams v. Florida Real Estate Commission,232 So.2d 239 (4 D.C.A. Fla., 1970); Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975); cf. AGO 075-283. Moreover, if there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested. Edgerton v. International Co., supra; State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974). In light of the foregoing, I cannot say that ch. 246, F.S., empowers the State Board of Independent Colleges and Universities to require colleges incorporated in Florida but which operate solely in a foreign country to be licensed by the state as a `nonpublic college.' Cf. AGO 075-51.
Prepared by: Joslyn Wilson, Assistant Attorney General