Mr. Christopher C. Ford Attorney for Lake County Board of County Commissioners
QUESTIONS:
1. Due to the amendment of s. 125.01(5), F.S. by s. 1, ch. 80-407, Laws of Florida, must special districts established and existing under s. 125.01(5), F.S. 1979, be expanded to include incorporated areas subject to the approval of the governing bodies of the incorporated areas affected?
2. Must the governing bodies of fire districts (which were created prior to October 1, 1980), be changed so as to be composed of the county commissioners?
3. It a special district created prior to October 1, 1980, is expanded, must the new areas include both incorporated and unincorporated areas or may such expanded district include only unincorporated areas?
SUMMARY:
1. Special fire districts located in Lake County which were established and existing under the terms of s. 125.01(5), F.S., prior to the amendment of that subsection by ch. 80-407, Laws of Florida, effective October 1, 1980, need not be expanded to include incorporated areas as prescribed by s. 125.01(5), F.S. (1980 Supp.).
2. The governing bodies of existing special fire districts located in Lake County which were established and existing prior to the effective date of s. 125.01(5), F.S. (1980 Supp.), need not be changed to include county commissioners as prescribed by s.125.01(5)(b), F.S. (1980 Supp.).
3. It does not appear that an existing special fire district located in Lake County which was in existence prior to the effective date of s. 125.01(5), F.S. (1980 Supp.), and which is expanded or the boundaries thereof altered by ordinance, need comply with the requirements of s. 125.01(5), F.S. (1980 Supp.), since such an expanded district would not be created or established under s. 125.01(5), F.S. (1980 Supp.).
AS TO QUESTION 1:
You state in your letter to me and in supplemental material furnished to this office that Lake County currently has 6 special fire districts created pursuant to s. 125.01(5), F.S. 1979. Each fire district has a separate and distinct governing body which is in turn separate from the Lake County Board of County Commissioners. The Board of County Commissioners does, however, appoint the members of the fire district commissions. Against this factual background, you seek to ascertain the effect of a 1980 amendment of s. 125.01(5), F.S., upon such preexisting special fire districts in Lake County and to ascertain whether s.125.01(5), as amended by ch. 80-407, Laws of Florida, would govern in the event that the boundaries of a preexisting fire district are altered or expanded.
Section 125.01(5)(a), F.S. (1980 Supp.), provides:
 To an extent not inconsistent with general or special law, the governing body of a county shall have the power to establish, and subsequently merge or abolish those created hereunder, special districts to include both incorporated and unincorporated areas subject to the approval of the governing body of the incorporated area affected, within which may be provided municipal services and facilities from funds derived from service charges, special assessments, or taxes within such district only. Such ordinance may be subsequently amended by the same procedure as the original enactment. (Emphasis supplied.)
Further, s. 125.01(5)(c), F.S. (1980 Supp.), provides in part that it is the:
 intent of the Legislature that a special district created under this subsection shall include both unincorporated and incorporated areas of a county, and that such special district may not be used to provide services in the unincorporated area only. (Emphasis supplied.)
In order to ascertain what affect, if any, s. 125.01(5), F.S. (1980 Supp.), has on the special fire districts in Lake County established and existing under the prior law, it is necessary to determine whether s. 1, ch. 80-407, Laws of Florida, (s.125.01(5), F.S. (1980 Supp.)). is to be applied retroactively or prospectively only.
Retroactive legislation is not forbidden by the State Constitution, however, it is a well-settled rule that a statute will not be construed as retroactive unless its terms clearly show that the Legislature intended such a result. Instead, the presumption is that a legislative act operates prospectively only, unless there is a clear showing of retroactive intent. See
Keystone Water Company v. Bevis, 278 So.2d 606 (Fla. 1973); Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521
(Fla. 1973); Indemnity Insurance Company v. Brooks-Fisher Insulating Co., 140 So.2d 613 (2 D.C.A. Fla., 1962); State ex rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945). See also 82 C.J.S.Statutes s. 414; AGO 067-49. Also, acts which create new obligations have been more rigidly construed as being governed by the foregoing rules, and if a retrospective interpretation has nothing more than implication to support it, it must be unequivocal and leave no room for doubt as to legislative intent. Larson v. Independent Life and Accident Insurance Company,29 So.2d 448 (Fla. 1947); AGO 067-49. See also Taylor v. Crimes Compensation Commission, 367 So.2d 720 (3 D.C.A. Fla., 1979). An exception to the general rules above stated applies to remedial or procedural statutes which do not create, enlarge, diminish or destroy vested or contractual rights but relate only to remedies or modes of procedure; such statutes are generally held to operate retrospectively unless such operation or application would adversely affect substantive rights. See 82 C.J.S. Statutes s. 416; City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961).
Section 125.01(5), F.S. (1980 Supp.), does not in terms clearly show that the Legislature intended for it to be retroactively applied, nor can an argument be made that such intent exists implicitly. Neither is s. 125.01(5) remedial nor procedural in nature; the statute creates or alters the authority and rights of and imposes duties on governmental officials previously nonexistent for both incorporated and unincorporated areas of a county and is therefore substantive in nature. It should be noted that s. 125.01(5), F.S. (1980 Supp.), also alters and potentially affects the tax liability of residents and taxable property within the districts created under subsection (5).
Thus, I conclude that s. 125.01(5), F.S. (1980 Supp.), is not susceptible to retroactive application, such that special fire districts located in Lake County which were established under prior law and existing before the effective date of the amendatory legislation, s. 125.01(5), F.S. (1980 Supp.), need not be expanded to include incorporated areas, subject to the approval of the governing bodies of the incorporated areas affected.
AS TO QUESTION 2:
Your second question asks whether the governing bodies of special fire districts which were established under prior law and existing prior to the effective date of s. 125.01(5), F.S. (1980 Supp.), must be changed so as to include county commissioners as provided for by s. 125.01(5)(b).
Section 125.01(5)(b), F.S. (1980 Supp.), provides:
 The governing body of such special district shall be composed of county commissioners and may include elected officials of the governing body of an incorporated area included in the boundaries of the special district, with the basis of apportionment being set forth in the ordinance creating the special district.
This question deals with and is controlled by the same rules, precedent and considerations as the first. I can find no clear legislative intent, express or implied, in s. 125.01(5)(b) or (c), F.S. (1980 Supp.), which would necessitate that s. 125.01(5)(b) be applied retroactively so as to force a change in the governing bodies of special fire districts in Lake County created pursuant to the old s. 125.01(5), F.S. Likewise, s. 125.01(5)(b), when read in context with paragraphs (a) and (c) of subsection 5, is neither remedial nor procedural in nature and is not, therefore, susceptible to retroactive application.
Thus, I conclude that the governing bodies of special fire districts located in Lake County and created pursuant to the terms of the old s. 125.01(5), F.S., need not be changed to include county commissioners in order to satisfy the requirements of s.125.01(5)(b), F.S. (1980 Supp.).
AS TO QUESTION 3:
Your third question asks whether a preexisting special fire district must comply with the provisions of s. 125.01(5), F.S. (1980 Supp.), if the county commission by ordinance expands or alters its boundaries. The ultimate issue appears to be whether the expanding of a special district or the altering of its boundaries is equivalent to `establishing' a special district for the purposes of s. 125.01(5), F.S. (1980 Supp.). If such acts do amount to creating or establishing a new special district, then s.125.01(5), F.S. (1980 Supp.), would have to be complied with because it is the operative statute; if the mere expanding or altering of the boundaries of a preexisting special district does not amount to creating or `establishing' a new district then s.125.01(5), F.S. (1980 Supp.), would not be the operative statute and compliance therewith would not be necessary.
The word `establish' has been judicially defined in Florida by the Supreme Court in State v. Fernandina Port Authority in Nassau County, 32 So.2d 328 (Fla. 1947). The court stated `[b]y all the lexicographers the word `establish' means to found, create, originate or institute.' 32 So.2d 329.
It does not appear that the mere alteration or expansion of the boundaries of an existing special district amounts to the founding, creating, originating or instituting of a new special district. The legislative intent manifested in s. 125.01(5)(c), F.S. (1980 Supp.), speaks only to `a special district created under [subsection (5), as amended].' Therefore, the mere alteration of an existing special district or the mere alteration of its boundaries by ordinance does not appear to amount to the creation or establishment of a new special district pursuant to s.125.01(5), F.S. (1980 Supp.), so as to necessitate that the existing special districts must comply with the provisions of s.125.01(5), F.S. (1980 Supp.). Parenthetically, any expansion of the boundaries of a preexisting special district would require any ad valorem tax millage to be levied in the expanded district to be approved by the electors of the expanded district pursuant to s. 9(b), Art. VII, State Const. See, e.g., AGO 079-20.
Prepared by: William D. Hall, Jr., Assistant Attorney General