398 So.2d 812 (1981)
Charles E. BAILEY et al., Appellants,
v.
PONCE de LEON PORT AUTHORITY, Appellee.
No. 58487.
Supreme Court of Florida.
April 16, 1981.
Rehearing Denied June 22, 1981.
Henry P. Duffett and Fred S. Disselkoen, Jr. of Duffett, Seps & Akers, Ormond Beach, for appellants.
Peter B. Heebner of van Wert, Heebner & Kennedy, Daytona Beach, for appellee.
*813 McDONALD, Justice.
This appeal is from a trial court's final judgment which ruled that chapter 69-1705, Laws of Florida, the appellee port authority's enabling act, is constitutional. We have jurisdiction[1] and affirm.
Chapter 63-2025, Laws of Florida, created the Ponce de Leon Inlet and Port District. Section 18 of that act authorized an annual tax levy of three mills: two mills (subject to referendum) for accumulation of funds and for payment of principal and interest on any bonds issued and one mill (not subject to referendum) to finance the administration of the district.[2] Pursuant to the act, the voters within the district approved both the creation of the district and the issuance of up to $4,000,000.00 in bonds on May 26, 1964.
In 1965 the legislature amended and revised the district's enabling act. Ch. 65-2363, § 1, Laws of Fla. Section 17 of the new act continued the millages authorized by chapter 63-2025 with the additional provision that the district's total tax levy could not exceed three mills.[3] The district operated under the 1965 act until 1969 when the legislature passed chapter 69-1705, Laws of Florida, amending and revising chapter 65-2363.
The 1969 act established a port authority to manage the district and expanded the port authority's powers beyond those previously given to the district. Chapter 69-1705 also revised the section regarding tax levies. New section 17 maintains the three-mill cap, but separates the accumulation of funds from the two-mill bonding provision and incorporates such accumulation within the one-mill levy for administration.[4] Unlike *814 the two previous acts, therefore, the 1969 act does not require a referendum for the accumulation of funds.
In 1978 the appellants filed suit against the port authority, alleging that by removing the referendum requirement on accumulating funds the legislature had violated article VII, section 9(b) of the state constitution.[5] The suit asked for a declaratory judgment, injunctive relief, and a refund of all ad valorem taxes collected by the district because the voters had never approved chapter 69-1705.
The trial court ruled that chapter 69-1705 does not violate article VII, section 9(b) and that that constitutional provision does not prohibit the legislature from altering, amending, or modifying a special district's powers and duties. The court also found that chapter 69-1705 had not created a new special district, but had only amended and continued the old district. Finally, the court declared all taxes collected by the district duly authorized and valid and denied the relief requested by appellants. This appeal ensued.
We can find nothing in the state constitution which prohibits the legislature from rearranging the port authority's power to tax in the instant manner. The 1964 referendum approved the three-mill levy. Article VII, section 9(a) provides that special districts may be authorized by law to levy ad valorem taxes. The only other constitutional referendum requirement for special districts pertains to the issuance of bonds, certificates of indebtedness, or tax anticipation certificates.[6] The instant tax levy has been authorized by law, and the bonding levy is subject to referendum. We find that deleting the referendum requirement regarding the accumulation of funds was within the legislature's power.
We are mindful that in construing constitutional provisions we must ascertain and effectuate the intent of the framers and the electors. Gallant v. Stephens, 358 So.2d 536 (Fla. 1978). This Court has previously found article VII, section 9(b) to be a *815 limit on ad valorem tax millages for county and municipal purposes. See State ex rel. Dade County v. Dickinson, 230 So.2d 130 (Fla. 1969). Viewing section 9(b) as a limitation on the power to tax does not require reversal.
We disagree with appellants' contention that the 1968 constitution mandated a referendum approving the 1969 act. Chapter 63-2025 (approved by the electors) authorized a total tax levy of three mills, and chapter 69-1705 maintained that tax levy. Article XII, sections 2 and 15 are savings clauses governing special district taxes. Both provide for the continuation of millage rates after the effective date of the 1968 constitution until restricted or withdrawn by law. If section 9(b) is a millage cap, chapter 69-1705 does not run afoul of that section because the act maintains, but does not increase, the total millage rate authorized by the 1964 referendum. Additionally, we agree with the trial court that the 1969 act did not create a new district but, rather, continued the 1963 district's existence. We hold, therefore, that section 17 of chapter 69-1705 does not violate article VII, section 9(b) and that the accumulation of funds under the district's one-mill tax levy does not require a referendum.
Because our holding disposes of the case, we do not address appellants' points regarding notice to class members and severance of their class action count. Regarding notice to class members, however, see In re Rules of Civil Procedure, 391 So.2d 165, 169-70 (Fla. 1980).
The final judgment is affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const. (1972).
[2] Ch. 63-2025, § 18, Laws of Fla., provides as follows:

The District is authorized to provide for the levy annually of an ad valorem tax upon all taxable property within the District, to accumulate funds for accomplishing any of the purposes enumerated in this Act, and to pay the principal of and interest on any bonds issued by the District; provided that the issuance of such bonds or the accumulation of such funds shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in the District shall participate and that the rate thereof shall not exceed a maximum of 2 mills per annum. In addition to such levy not to exceed 2 mills per annum, the District is further authorized to provide for the levy annually of an ad valorem tax upon all taxable property within the District to finance the administration of the District; provided that the rate thereof shall not exceed a maximum of one (1) mill per annum. The millage necessary to pay these expenses shall be levied by the Board of County Commissioners of Volusia County separately from the millage necessary to pay the debt service on bonds of the District or make said accumulation.
[3] Ch. 65-2363, § 17, Laws of Fla., reads as follows:

The district is authorized to provide for the levy annually of an ad valorem tax upon all taxable property within the district, to accumulate funds for accomplishing any of the purposes enumerated in this chapter, and to pay the principal of and interest on any bonds issued by the district; provided that the issuance of such bonds or the accumulation of such funds shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in the district shall participate and that the rate thereof shall not exceed a maximum of two (2) mills per annum. In addition to such levy not to exceed two (2) mills per annum, the district is further authorized to provide for the levy annually of an ad valorem tax upon all taxable property within the district to finance the administration of the district; provided that the rate thereof shall not exceed a maximum of one (1) mill per annum. The total millage which may be levied against the nonexempt taxable property in the district as provided in section 12 hereof shall not exceed three (3) mills for the purposes aforesaid. The millage necessary to pay these expenses shall be levied by the board of county commissioners of Volusia county separately from the millage necessary to pay the debt service on bonds of the district or make said accumulation.
[4] Ch. 69-1705, § 17, Laws of Fla., provides as follows:

The authority is authorized to provide for the levy annually of an ad valorem tax upon all taxable property within the district, to accumulate funds for accomplishing any of the purposes enumerated in this Chapter, and to pay the principal of and interest on any bonds issued by the authority; provided that the issuance of such bonds shall have been approved at an election held pursuant to the Constitution of Florida and that said tax shall not exceed a maximum of two (2) mills per annum. In addition to such levy not to exceed two (2) mills per annum, the authority is further authorized to provide for the levy annually of an ad valorem tax upon all taxable property within the district to finance the administration of the authority, or for the acquisition, construction, maintenance or operation of any project authorized by this Chapter and to accumulate funds for such purposes provided that the rate thereof shall not exceed a maximum of one (1) mill per annum. The millage necessary to pay these expenses shall be levied by the Board of County Commissioners of Volusia County separately from the millage necessary to pay the debt service on bonds of the authority or make said accumulation. The total millage which may be levied against the nonexempt taxable property in the district as provided in Section 13 and Section 17 hereof shall not exceed three (3) mills for the purposes aforesaid.
[5] Art. VII, § 9(b) provides that:

Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills; for all school purposes, ten mills; for water management purposes for the northwest portion of the state lying west of the line between ranges two and three east, 0.05 mill; for water management purposes for the remaining portions of the state, 1.0 mill; and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation. A county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes.
[6] Art. VII, § 12, Fla. Const., which provides that:

Counties, school districts, municipalities, special districts and local governmental bodies with taxing powers may issue bonds, certificates of indebtedness or any form of tax anticipation certificates, payable from ad valorem taxation and maturing more than twelve months after issuance only:
(a) to finance or refinance capital projects authorized by law and only when approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation; or
(b) to refund outstanding bonds and interest and redemption premium thereon at a lower net average interest cost rate.