GEIGER, DWIGHT L., Associate Judge.
This is an appeal from an order entered by the Circuit Court of Palm Beach County, on November 5, 1981, dismissing Appellants’ action with prejudice. The issues presented for review deal with the inter-relationships of Chapter 63-1747, Laws of Florida, with Article VIII, Section 4, of the Florida Constitution (1968 as amended), and with Chapter 165, Florida Statutes (1974). Chapter 63-1747 is a Special Act which authorizes the Palm Beach County Commission to create, establish and abolish fire control districts and to fix boundaries for those districts. Article VIII, Section 4, of the Constitution provides a method for the transfer of powers or functions between or among local government entities, including special districts. According to Section 4, any transfer of powers or functions must be approved by the voters of the two districts involved or as otherwise provided by law. Chapter 165, Florida Statutes (1974), entitled “Formation of Local Governments,” provides the procedure of formation, dissolution and merger of municipalities or special districts.
Pursuant to Chapter 63-1747, the Palm Beach County Commission established fire control districts, among them Fire Control District Number 7, Trail Park. This was done prior to 1968. On December 21, 1976, the Commission passed a resolution modifying the boundaries of two fire districts, 7 and either 8 or 10 (although the resolution refers to District Number 10, all of the documents filed with the court refer to District Number 8). District Number 7 was made smaller and the other district larger. Neither the Board of Fire Commissioners for either district nor the voters were consulted. Subsequently, the County Commission passed a resolution in 1979 merging the two districts. The other district filed a complaint for injunctive relief to prevent the effectuation of this merger. The County Commission rescinded the 1979 merger resolution in June, 1981. District Number 7 then filed a complaint in that same month seeking declaratory relief claiming the 1976 resolution modifying the boundary was null and void. The suit for declaratory relief alleged that Chapter 165 was the exclusive procedure for boundary changes and that the statute had been violated. The County moved to dismiss the complaint for failure to state a cause of action and because the action was barred by the Statute of Limitations. The trial court granted the motion with leave to amend. District Number 7 filed a second amended complaint which the County moved to dismiss on the same grounds as previously. The trial court granted the motion to dismiss with prejudice stating that the District failed to state a cause of action because Chapter 165, Florida Statutes, “does not embrace the boundary change which petitioners seek to set aside herein.” This appeal followed.
Appellant contends three points on appeal:
1. A boundary change of one district with another district constitutes a transfer of powers and functions of a special district under Article VIII, Section 4, Florida Constitution (1968 as amended) invoking the procedural requirements established therein.
2. The provisions of Chapter 165, concerning procedure for forming and dissolving special districts in Florida supersedes the provisions of Chapter 63-1747, Laws of Florida, which establish fire taxing districts in Palm Beach County, Florida.
*541 3. A boundary change of a special district falls within the statutory meaning of “formation”, including incorporation, creation, dissolution and merger as provided in Chapter 165, Florida Statutes (1974).
Dealing with Appellant’s contentions as a whole, this court is of the opinion that Article VIII, Section 4, Florida Constitution (1968 as amended) and Chapter 165, Florida Statutes (1974) do apply to this situation and that therefore any provision of Chapter 63-1747, Law of Florida, inconsistent with either, is invalid. Specifically the portion of Chapter 63-1747 which allows the Board of County Commissioners of Palm Beach County, Florida to create, establish and abolish Fire Control Tax Districts and fix the boundaries thereof in Palm Beach County without a resolution by the governing body of the areas to be affected or petition of ten percent of the qualified voters in each area is invalid as contrary to Article VIII, Section 4, of the Florida Constitution and Chapter 165 of the Florida Statutes. We find specifically that the statutory definition of “formation” found in Chapter 165 does include a merger such as we have here dictating that Chapter 165 does establish the procedure to be used in these types of situations.
For the above reasons, we find as a matter of law that Appellants’ complaint does state a cause of action and reverse the trial court’s dismissal of Appellants’ complaint. We order this cause remanded for further proceedings not inconsistent herewith.
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.