The Honorable Frank S. Messersmith Chairman Palm Beach County Legislative Delegation Palm Beach County Courthouse P.O. Box 1989 West Palm Beach, Florida 33402
Dear Representative Messersmith:
This is in response to your request for an opinion on substantially the following questions:
 (1) DOES THE ADDITION OF CONTIGUOUS LANDS TO AN EXISTING INDEPENDENT TAXING DISTRICT CONSTITUTE THE CREATION OR ESTABLISHMENT OF A NEW DISTRICT?
 (2) ARE THE PROVISIONS OF s 11(a)(21), ART. III, STATE CONST., PROHIBITING SPECIAL LAWS ON ANY SUBJECT WHEN PROHIBITED BY A GENERAL LAW PASSED BY A THREE-FIFTHS VOTE OF THE MEMBERSHIP OF EACH HOUSE AND REQUIRING A LIKE VOTE TO AMEND OR REPEAL SUCH GENERAL LAW, APPLICABLE TO LOCAL BILLS.
 QUESTION ONE
During the 1982 special session, the Legislature enacted Ch. 82-154, Laws of Florida, which amended several provisions of Ch.165, F.S., relating to the formation of local governments. Section165.022(2), F.S., as amended, provides that
 Pursuant to s. 11(a)(21), Art. III of the State Constitution, the Legislature hereby prohibits special laws or general laws of local application pertaining to creation of dependent and independent special districts under conditions, or subject to provisions, which conflict with those rpovided in this chapter.
See, s 11(a)(21), Art. III, State Const., which prohibits special laws or general laws of local application pertaining to `any subject when prohibited by general law passed by a three-fifths vote of the membership of each house. Such law may be amended or repealed by like vote.' Chapter 82-154, Laws of Florida, was passed by the requisite three-fifths vote in each house. See, Journal of the House of Representatives, April 7, 1982, p. 40; Journal of the Senate, April 7, 1982, p. 40. Section 165.041, F.S., as amended by s 25, Ch. 82-154, Laws of Florida, sets forth the formation procedures for the incorporation, creation and merger of a municipality or special district and specifically states in subsection (2) that `[a]uthorization for creation of an independent special district shall be provided only by general law.' See, s 165.031(5), F.S., as amended, defining `special district' and distinguishing between dependent and independent special districts.
Your inquiry concerns an existing independent special district and the alteration of its boundaries. You inquire as to whether such an alteration to expand its boundaries constitutes a creation of a new district and therefore, pursuant to the provisions of Ch. 165, as amended, must be provided by general law. See, s 165.031(7)(b) which defines `creation' (as one of the four activities included within the term `formation') as the `establishment of a special district.' In AGO 81-93 this office considered whether a preexisting special fire district was required to comply with the provisions of s 125.01(5) if the county commission by ordinance expanded or altered the district's boundaries. Section 125.01(5) authorizes the governing body of a county `to establish, and subsequently merge or abolish those created hereunder, special districts' to include both incorporated and unincorporated areas subject to the approval of the governing body of the incorporated area affected, within which municipal services and facilities may be provided from funds derived from service charges, special assessments, or taxes within such district only. The ultimate issue presented in the opinion was whether the expansion of the special district or the alteration of its boundaries is the equivalent to `establishing' a special district for purposes of s125.01(5). This office concluded that the mere alteration or expansion of the boundaries of an existing special district did not amount to the founding, creating, originating or instituting of a new special district. Cf., State v. Fernandina Port Authority in Nassau County, 32 So.2d 328, 329 (Fla. 1947) ('[b]y all the lexicographers the word `establish' means to found, create, originate or institute.'). Thus, the mere alteration of the existing special district of its boundaries by ordinance did not, in this office's opinion, create or establish a new special district pursuant to s 125.01(5), so as to require the existing special district to comply with the provisions of that statute. Recently, however, the Fourth District Court of Appeal in Fire Control Tax District, No. 7, Trail Park v. Palm Beach County,423 So.2d 539 (4 D.C.A. Fla., 1982), concluded that the provisions of a special act authorizing the Palm Beach County Commission to create, establish, and abolish fire control districts and to fix the boundaries thereof was invalid as contrary to s 4, Art. VIII, State Const., providing the method for a transfer of powers or functions between and among governmental entities and to Ch. 165, F.S., providing for the formation of special districts. Pursuant to the special act, the Palm Beach County Commission had passed a resolution modifying the boundaries of two fire districts, making the boundaries of one of the districts larger while constricting the boundaries of the other district. The court found that the boundary change of one district with another constituted, interalia, a merger and thus was included within the statutory defintion of `formation' contained in s 165.031(7); such boundary changes were therefore subject to the procedures prescribed in Ch. 165. `We find specifically that the statutory definition of `formation' found in Chapter 165 does include a merger such as we have here dictating that Chapter 165 does establish the procedure to be used in these types of situations.' 423 So.2d at 541. See, s165.031(7)(d), F.S., defining `merger' as, inter alia, the merging of one or more municipalities or special districts, in any combination thereof, with each other, or the merging of one or more counties with one or more special districts.
Your letter does not specify the terms of the special acts in question. To the extent that such acts contemplate the changing of the boundaries of existing districts as considered in the foregoing decision of the Fourth District Court of Appeal, such a modification would appear to be governed by the provisions of Ch. 165 relating to the formation of such districts. See generally, Stanfill v. State, 384 So.2d 141 (Fla. 1980) (decisions of district courts of appeal represent the law of Florida unless and until overruled by State Supreme Court); Johns v. Wainwright,253 So.2d 873 (Fla. 1971); State v. Hayes, 333 So.2d 51 (4 D.C.A. Fla., 1976). However, in those instances in which a merging of district boundaries is not contemplated and the factual circumstances do not encompass a `formation' as envisioned by the court in Fire Control District, No. 7, Trail Park v. Palm Beach County, supra, the mere alteration of an existing district's boundaries would not, under the rationale of this office's opinion in AGO 81-93, appear to amount to the establishment or creation of a special district so as to subject such an alteration to the formation procedures set forth in Ch. 165.
QUESTION TWO
You also inquire as to whether the provision in s 11(a)(21), Art. III, State Const., requiring a three-fifths vote to overrule the prohibition against a special law relating to the formation of an independent special district applies to a local bill. See, s 12(g), Art. X, State Const., defining `special law' to mean a special or local law. And see, Commentary 26A F.S.A. s 12, Art. X, stating that as to subsection (g) of s 12, Art. X, ss 10 and 11 of Art. III are affected. Thus the prohibition against special laws contained in s 11(a)(21), Art. III, State Const., on the subjects provided for in ss 165.022(2) and 165.041(2), F.S., as amended, would appear to be equally applicable to special laws and to local laws or bills. From conversations with your office, however, it appears that your inquiry concerns whether a special or local law passed by a three-fifths vote of the membership of each house satisfies the requirement that the general law passed by three-fifths vote prohibiting a special law on the same subject may only be amended or repealed by like vote and thus constitutes an amendment or limited repeal of the general law.
I am not aware of any judicial decision which has directly considered this issue, nor has any such decision been brought to the attention of this office. I note, however, that paragraph 21 of s 11(a), Art. III, merely states that the general law may be amended or repealed by like vote; it does not expressly provide that such amendment or repeal may only be accomplished in the same manner, i.e., by general law. Ordinarily, a general law may be amended or repealed by a special act. See, e.g., Southern Bell Telephone Telegraph Co. v. Town of Surfside, 186 So.2d 777 (Fla. 1966) (general law can be superseded or effectively repealed by subsequently enacted special or local law when the subsequently enacted special law either expressly so provides or is so inconsistent with existing general laws as to constitute an implied repeal thereof); AGO 71-224. And see, 82 C.J.S. Statutes s 299 (an inconsistent special or local act ordinarily repeals a prior general law by implication to the extent of their conflict) and s 251 (in absence of constitutional prohibition with respect thereto, the amendment of general law by special law not objectionable). While I am not unaware of the fact that many special laws pass by more than a three-fifths vote of each house of the Legislature, this office cannot read into the Constitution a requirement that the amendment of the general law may only be accomplished by general law. Section 11(a)(21), Art. III, State Const., only requires the amendment or repeal of the general law by like vote and this office must interpret such terms according to their usual and plain meaning. Cf., Carlton v. Mathews,137 So. 815 (Fla. 1931) (language of constitutional provision should be given its plain and obvious meaning); City of Jacksonville v. Glidden Co., 169 So. 216 (Fla. 1936); Wilson v. Crews,34 So.2d 114 (Fla. 1948). And see, AGO 69-80 referring to s 11(a)(21), Art. III, State Const., permitting amendment of the general laws thereunder, `direct or indirect, only by acts passed by like vote.' Therefore I am of the view, until judicially determined to the contrary, that a general law passed by a three-fifths vote of the Legislature prohibiting special or local laws on the same subject may be amended or repealed by a special act which has passed by a like vote, i.e., by a three-fifths vote of each house of the Legislature.
In sum, I am of the opinion, until and unless judicially or legislatively determined otherwise, that to the extent that the alteration of the boundaries of existing independent special districts contemplate the merging or formation of districts as considered in Fire Control Tax District, No. 7, Trail Park v. Palm Beach County, 423 So.2d 539 (4 D.C.A. Fla., 1982), the alteration or `formation' of such districts would be governed by the procedures of Ch. 165 unless a special act amending such boundaries was passed by a three-fifths vote of each house of the Legislature. If, however, the alteration of an existing independent district's boundaries do not contemplate a merging with another district, the alteration of such boundaries would not appear to amount to the establishment of a new district.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General