CAMPBELL, Chief Judge.
Appellant, Hillsborough County, Florida, challenges the declaratory judgment entered in favor of appellee, Tampa Port Authority, finding that appellee Port Authority’s right to a one-half mill tax levy was exempt from the ten-mill cap imposed on counties by article VII, section 9(b), Florida Constitution. Appellant also challenges the court’s finding that the 1970 expansion of the Port Authority’s boundaries did not create a new district and, thus, did not require a voter ratification referendum in order to levy the one-half mill ad valorem tax. Finally, appellant also asks this court to determine whether the Port Authority is authorized to levy or compel the Hillsbor-ough County Board to levy ad valorem taxes on its behalf. We find that the Port Authority is authorized to levy ad valorem taxes, that the expansion did not create a new district and that the one-half mill tax levy on behalf of the Port Authority is not limited by the ten-mill cap imposed on counties. We affirm.
We agree with the trial court that the Port Authority is an independent special district that possessed ad valorem taxing power before the 1968 constitutional revisions occurred. An independent special district is a special district the governing head of which is an independent body and the budget of which is established independently of the local governing authority, even though there may be appropriation of funds generally available to a local governing authority involved. § 200.001(8)(e), Fla.Stat. (1987).
There is no dispute here that the governing head of the Port District is an independent body, and our review of the applicable laws leads us to conclude that the Port District’s budget is established independently of the Hillsborough County Board. The Board’s authority is restricted to reviewing a limited portion of the total budget. This cannot be equated with establishing its budget. In addition, in 1976, the Comptroller of Florida determined that the Port Authority was an independent special district for purposes of chapter 218, a determination that is persuasive unless it is clearly erroneous. See Green v. Home News Publishing, Co., 90 So.2d 295 (Fla. 1956). We do not find this determination to be erroneous.
In addition, the Port Authority possessed ad valorem taxing authority before the 1968 constitutional revisions took place. Under the 1945 enabling legislation, the Board’s power was limited to reviewing the Port Authority’s administrative expenses. *1110 The fact that the Board is also empowered to levy taxes on behalf of the Port Authority does not diminish the Port Authority’s power to establish its own budget.
Since the Port Authority is an independent special district that possessed taxing powers before 1968, the savings provisions of article XII, sections 2 and 15 of the Florida Constitution apply. Under those provisions, tax millages that were authorized in special districts on the date the revision took effect continue until restricted or withdrawn by law. Thus, the Port Authority is authorized to levy or compel the Board to levy a one-half mill tax on its behalf.
We also find that the 1970 expansion of the territorial boundaries of the Port District did not create a new district requiring a voter ratification referendum before any ad valorem tax millage is levied. The 1970 act only expanded territory, not authority. As in Bailey v. Ponce de Leon Port Authority, 398 So.2d 812 (Fla.1981), the millage rate continued as it was before. Article XII, sections 2 and 15, Florida Constitution, grandfathered in the existing district and taxing power.
Finally, we find that the Board’s authorization to levy an ad valorem tax of up to one-half mill to defray expenses of the Port Authority is not subject to the ten-mill cap applicable to counties under article VII, section 9(b), Florida Constitution or section 200.071(1), Florida Statutes (1987). The Port Authority, as an independent special district, is exempt from the ten-mill cap. See Art. XII, §§ 2, 15, Fla. Const. The fact that any sum appropriated by the Board to the Port Authority is stated to be for a county purpose does not make the Port Authority a dependent district that is subject to the ten-mill cap. See § 189.403(1), Fla.Stat. (1987).
The judgment of the trial court is affirmed.
SCHOONOVER and THREADGILL, JJ., concur.