WOLF, Judge.
Three cases have been consolidated in this appeal of declaratory statements of the Florida Department of Community Affairs classifying three districts within the county as dependent districts. The Board of County Commissioners for Hernando County appeals these determinations raising three issues, only two of which merit discussion. Those issues are as follows: (1) Whether the ad valorem millage limitations applicable to counties and dependent special districts in section 200.071, Florida Statutes, are an unconstitutional denial or impairment of the ad valorem taxing power granted to counties directly under article VII, section 9, Florida Constitution; and (2) whether the classification of special districts as dependent or independent pursuant to chapter 200, Florida Statutes, is not on any basis reasonably related to general law ad valorem millage determinations or limitations, and is therefore unconstitutional under article III, section 11(b), Florida Constitution. We find the statute to be constitutional, and affirm.
Special districts are defined in section 189.403, Florida Statutes (1989). Section 189.403 provides in pertinent part as follows:
(2) ‘Dependent special district’ means a special district that meets at least one of the following criteria:
*184 (a) The membership of its governing body is identical to that of the governing body of a single county or a single municipality.
(b) All members of its governing body are appointed by the governing body of a single county or a single municipality.
(c) During their unexpired terms, members of the special district’s governing body are subject to removal by the governing body of a single county or a single municipality.
(d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality.
(3) ‘Independent special district’ means a special district that is not a dependent special district as defined in subsection (2). A district that includes more than one county is an independent special district.
Each of the three special districts involved in this appeal have met one of the statutory criteria for being categorized as a dependent district. Section 200.001(8)(d), Florida Statutes (1989), states that districts that are determined to be dependent under chapter 189 are also dependent under chapter 200, and that the sum of the millages imposed by the governing board of the county for county purposes added to the millage of the dependent districts may not exceed ten mills. Section 200.071(2) requires millage reductions if the statutory millage limitations are exceeded, and the county has the option of either lowering the millage of the special districts, or lowering its own millage when the combined millage exceeds the ten mill limit.
Article VII, section 9(a) of the Florida Constitution provides that “Counties ... shall ... and special districts may, be authorized by law to levy ad valorem taxes.... ” Article VII, section 9(b) of the Florida Constitution, limits the millage rates of counties and special districts as follows:
[F]or all county purposes, ten mills; for all municipal purposes, ten mills; ... and for all other special districts a millage authorized by law approved by vote of the electors....
The county argues that the limitations contained in chapter 200 are an unconstitutional impairment of the ad valorem taxing powers granted to counties pursuant to article VII, section 9, Florida Constitution. The county persuasively argues that while the Legislature may place reasonable restrictions on the'method of levying ad valo-rem taxes, it may not restrict the allowable amount which may be levied by a county. It is unnecessary, however, for us to reach this issue.
In Holley v. Adams, 238 So.2d 401 (Fla.1970), the supreme court listed certain basic principles of constitutional construction which courts must utilize in determining the constitutionality of a state statute. The portions of those principles pertinent to this case are as follows:
Third, the courts have no power to strike down the act of the Legislature unless the provisions of the act, or some of them, clearly violate some express or implied inhibition of the Constitution.
Fourth, every reasonable doubt must be indulged in favor of the act. If it can be rationally interpreted to harmonize with the Constitution, it is the duty of this Court to adopt that construction and sustain the act.
There is no disagreement between the parties that the Legislature has complete control over the taxing powers of special districts.[1] See Bailey v. Ponce de Leon Port Authority, 398 So.2d 812 (Fla.1981). The statute at issue may be read as a restriction on the millage of special dis *185 tricts rather than a restriction on the millage of the county. Section 200.071 imposes no millage restrictions on the county unless it chooses to restrict its own millage rather than that of the special district. § 200.071(2), Fla.Stat. (1991). Thus, the statute can be read to be a limitation on district millage, and does not violate article VII, section 9, Florida Constitution. Holley v. Adams, supra.
The county also challenges the classification scheme of designating special districts as dependent or independent. Section 189.403(2), Fla.Stat. It is alleged that the scheme violates article III, section 11(b) of the Florida Constitution, which reads:
In the enactment of general laws on other subjects, political subdivisions or other governmental entities may be classified only on a basis reasonably related to the subject of the law.
Art. III, § 11(b), Fla. Const. In determining the purpose of this section, it is important to review the framework in which is is contained. Article III, section 11 of the constitution deals with prohibited special laws. A special law is defined as follows:
a special law is one relating to, or designed to operate upon, particular persons or things, or one that purports to operate upon classified persons or things when classification is not permissible or the classification adopted is illegal; a local law is one relating to, or designed to operate only in, a specifically indicated part of the State, or one that purports to operate within classified territory when classification is not permissible or the classification is illegal.
Department of Business Regulation v. Classic Mile, Inc., 541 So.2d 1155, 1157 (Fla.1989).
The courts have resisted numerous attempts by the Legislature to get around the prohibition against or requirements for special acts by passing a “general law” and limiting its geographic application by reference to population, size, or limited descriptions of its applicability. Walker v. Pendarvis, 132 So.2d 186 (Fla. 1961); Department of Business Regulation, supra. Article III, section 11(b) of the constitution appears to have been adopted to preclude the Legislature from circumventing the requirements for adoption of special laws.
In the instant case, there is no indication that the Legislature was attempting to circumvent regulations concerning special acts. The special district legislation operates uniformly throughout the state. Nor is it possible to say that the classification of districts as an independent or dependent district was totally unrelated to the subject matter of the legislation. The county seeks to limit our analysis strictly to a determination of whether the classification is reasonably related to the millage limitation. We decline to do so, and instead determine reasonableness as related to the entire subject matter of the legislation.
One of the stated purposes of the enactment of “the Uniform Special District Accountability Act,” sections 189.401, Florida Statutes, et seq., is to clarify special district definitions and to ensure consistent application of those definitions across all levels of government. Section 189.402(2)(e), Fla. Stat. The act deals with a number of issues besides the limitation on millage, such as accountability and financial reporting requirements, as well as planning responsibilities. The classification system based on the level of control exercised by another unit of government has a direct relationship to these issues.
We, therefore, find that the act is not violative of article III, section 11, Florida Constitution.
The decisions of the Department of Community Affairs are affirmed.
SHIVERS and MINER, JJ., concur.

. While the county makes a secondary argument that the taxing powers of a district may be so severely restricted as to result in an illegal transfer of powers pursuant to art. VII § 4, Florida Const., we decline to hold that the statute is facially unconstitutional on such basis. This argument appears to involve factual disputes as to each individual district, and would be more properly addressed in a proceeding where factual determinations can be made. See Fire Control Tax District, No. 7, Trail Park v. Palm Beach County, 423 So.2d 539 (Fla. 4th DCA 1982).