Ms. Amy M. Jones Acting General Counsel Florida Department of Health 2020 Capital Circle Southeast, BIN A02 Tallahassee, Florida 32399-1703
Mr. David G. Tucker Escambia County Attorney 14 West Government Street Room 411 Pensacola, Florida 32501
Dear Ms. Jones and Mr. Tucker:
On behalf of the Florida Department of Health and the Escambia County Board of County Commissioners, respectively, you ask the following question:
Does implementation by the Escambia County Board of Commissioners of the tax authorized in section 154.02, Florida Statutes, count toward the 10 mills local county tax limitation expressed in section 200.071, Florida Statutes and Article VII, section 9, Florida Constitution?
In sum:
The imposition of the tax levy by the board of county commissioners pursuant to section 154.02, Florida Statutes, would be included within the 10 mills local county tax limitation prescribed in section 200.071, Florida Statutes, and Article VII, section 9, Florida Constitution.
Article VII, section 9(a), Florida Constitution, authorizes counties to levy ad valorem taxes and such other taxes as may be authorized by general law, except ad valorem taxes on intangible personal property and taxes prohibited by the constitution.
Subject to certain limitations, Article VII, section 9(b), of the Florida Constitution caps the millage rates that counties may impose upon real estate and tangible personal property at 10 mills.[1] Section 200.071(1), Florida Statutes, reflects this constitutional limitation on county millage by stating that except as provided therein, "no ad valorem tax millage shall be levied against real property and tangible personal property by counties in excess of 10 mills, except for voted levies."[2]
Section 154.001, Florida Statutes, establishes the legislative intent for the system of coordinated county health department services provided for in Part I of Chapter 154, Florida Statutes. As set forth therein, the Legislature, recognizing the unique partnership that must exist between the state and the counties in meeting the public's health needs, intended that the public health needs of the counties be provided through contractual arrangements between the state and each county.
A county may cooperate with the Department of Health for the establishment and maintenance of county health departments for the promotion of the public's health, the control and eradication of preventable diseases, and the provision of primary health care for special populations.[3] These departments are to provide three levels of services: environmental health services, communicable disease control services and primary care services. Section154.011(1)(a), Florida Statutes, makes maximizing the number of counties participating in primary care programs a first priority of the department, but requires the department to establish priorities for funding based on need and the willingness of counties to participate. The personnel of a minimum county health department consists of a county health department director who is appointed by the Secretary of Health with the concurrence of the board of county commissioners, a full-time public health nurse, a public health environmental specialist, and a clerk.[4]
Section 154.02(1), Florida Statutes, provides in part:
"To enable counties to provide public health services and maintain public health equipment and facilities, each county in the state with a population exceeding 100,000, according to the last state census, may levy an annual tax not exceeding 0.5 mill; each county
in the state with a population exceeding 40,000 and not exceeding 100,000, according to the last state census, may levy an annual tax not exceeding 1 mill; and each county in the state with a population not exceeding 40,000, according to the last state census, may levy an annual tax not exceeding 2 mills, on the dollar on all taxable property in such county. . . ." (e.s.)
The proceeds of the tax are to be paid to the Treasurer, who shall place the funds in the County Health Department Trust Fund for the county in which the funds were raised. Such funds may be expended by the Department of Health solely for the purpose of carrying out the public health contract.
A question has been raised as to whether the county health departments constitute independent special districts under Chapter 189, Florida Statutes.[5] An independent special district is a special district whose governing body is not identical to or appointed by the governing body of a single county or municipality and whose budget does not require approval of, nor can be vetoed by, the governing body of a single county or municipality.[6]
Nothing in Part I, Chapter 154, Florida Statutes, indicates a legislative intent to create these county health departments as special districts. Rather than providing for a governing body, the statutes merely set forth the personnel of a county health department, including a director. County health department trust funds are to be expended by the Department of Health for the respective county health departments in accordance with budgets and plans agreed upon by the authorities of each county and the Department of Health.[7]
Moreover, pursuant to section 189.4035, Florida Statutes, the Department of Community Affairs is responsible for compiling a list of all special districts within the state.[8] County health departments do not appear on the Official List of Special Districts prepared by the Department of Community Affairs.[9]
This office, in considering the nature of the county health departments, has on several occasions stated that such entities are agencies of county government performing a county purpose. For example, in Attorney General Opinion 80-28, this office stated that the county health departments (then referred to as county health units)[10] are not agencies of state government or a subdivision of the then-Department of Health and Rehabilitative Services (now the Department of Health), although the department cooperates with and exercises supervisory authority over such local health units; rather, such units, established and maintained under provisions of Part I, Chapter 154, Florida Statutes, are agencies of county government.[11]
Accordingly, I am of the opinion that the county health departments are agencies of the county, and thus the imposition of the tax levy by the board of county commissioners pursuant to section 154.02, Florida Statutes, would be included within the 10 mills local county tax limitation prescribed in section 200.071, Florida Statutes, and Article VII, section 9, Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] A "mill" is one-tenth of one cent, i.e., "one-thousandth" of a U.S. dollar. Black's Law Dictionary 993 (6th ed. 1990); s.192.001(10), Fla. Stat.
[2] See, s. 200.091, Fla. Stat., providing for referenda to increase county mileages for a period not to exceed 2 years.
[3] Section 154.01(1), Fla. Stat.
[4] See, s. 154.04, Fla. Stat.
[5] See, Hillsborough County v. Tampa Port Authority,563 So.2d 1108 (Fla. 2d DCA 1990), in which the district court held that the county commission's authority to levy an ad valorem tax up to one-half mill to defray expenses of port authority, an independent special district, was not subject to constitutional ten-mill cap applicable to counties.
[6] See, e.g., ss. 189.403(1) and (3), and 200.001(8)(e), Fla. Stat.
[7] Section 216.341, Fla. Stat. Cf., s. 154.03(1), Fla. Stat.
[8] See, s. 189.4035(1), Fla. Stat., stating that the Department of Community Affairs shall compile the official list of special districts which includes all special districts in this state and shall indicate the independent or dependent status of each district.
[9] See, 1999-2000 Official List of Special District prepared by the Florida Department of Community Affairs, available at: www.dca.state.fl.us/fhcd/programs/sdip.
[10] See, Ch. 97-101, Laws of Florida, referred to as a revisor's bill, which changed the name from public health units to county health departments.
[11] Accord, Ops. Att'y Gen. Fla. 85-79 (1985) (county health unit as an agency of county government is an "agency" within the purview of Ch. 119, Fla. Stat.), and 74-381 (1974) (county health units are not state agency; although they serve a dual county-state purpose, they are not agencies of the state, being primarily agencies or instrumentalities of the county carrying out the duties and functions imposed upon the counties by Ch. 154, Fla. Stat.). And see, Op. Att'y Gen. Fla. 66-84 (1966) (those portions of each health unit's trust fund moneys raised by the counties through county taxation are county funds).